ARCHER GIFFORD, Adm'r &c. of ELIZABETH HAIT, *v.* HERMAN THORN.

The issuing of a subpœna against a non-resident and taking an order for his appearance and publishing the order will not give the court jurisdiction, either over his person, or over the subject matter of the bill, if, from the nature of the case, the court has no jurisdiction over either.

If the case be such that the court cannot give relief for want of jurisdiction over either the person or the subject matter, the jurisdiction may be objected to in any stage of the proceedings; indeed, the court would take judicial notice of it; it would not make a decree which it had no power to enforce. It is otherwise where the objection to the jurisdiction is that there is a perfect remedy at law; such objection must be taken by demurrer or insisted on in the answer.

On a bill filed by the administrator of E. H., deceased, against H. T., a resident of New York, and the executor of J. R., deceased, who was, in his life time, executor of W. J., deceased, who lived and died in New York, and whose will was proved there, and whose estate was administered there; charging that H. T. came to the residence of E. H., in New Jersey, and fraudulently procured from her an assignment to him of her share of the estate of W. J., deceased, and that J. R., who lived and died in New Jersey, knew the circumstances under which that assignment was obtained, but, nevertheless, paid to H. T., in virtue of the said assignment, the share of E. H. in the said estate, and took a bond and mortgage from H. T. to save him harmless; and praying, that the said assignment may be ordered to be cancelled, and that H. T. and the executor of J. R. may be ordered to account, and to pay to the complainant the share of E. H. in the said estate; a subpœna was served on the executor of J. R. deceased; and a subpœna was issued directed to H. T., which was returned "not found," and the usual order for publication was made as to H. T. The court refused to vacate this order.

A bill was filed in the Court of Chancery of the State of New York, by some of the next of kin of Wm. Jauncey, deceased, complainants, in July, 1831, against John Rutherfurd, executor of the will of said decedent, Herman Thorn and James A. Hamilton, making Elizabeth Hait, one of the next of kin of said decedent, also, a defendant.

Before any proofs were taken in that cause, an arrangement was made between the *complainants* in that suit and Herman Thorn, one of the defendants, by which the complainants, in consideration of $210,000, to be paid to them by Herman Thorn, agreed to assign, set over and release to him all their shares in the estate of the said Wm. Jauncey, deceased.

Pending the negotiation which resulted in that arrangement,

and sometime in 1833, Elizabeth Hait executed an instrument to Herman Thorn purporting to be an assignment and release to him of her share in the estate of said Wm. Jauncey, deceased.

When the said assignment from Elizabeth Hait was obtained, Herman Thorn also obtained from her an instrument authorizing him to substitute a solicitor for her in that suit, in the place of the solicitor she had employed, and authorizing such substituted solicitor to follow the directions of him, the said Herman Thorn. Thorn, accordingly, substituted another solicitor for the said Elizabeth.

The defendant Hamilton in that suit was the administrator of Wm. Jauncey Thorn, deceased, a son of Herman Thorn, and claimed that the fund of which the complainants in that suit claimed shares belonged to the estate of his intestate.

An arrangement was then made between the complainants in that suit and Rutherfurd, Herman Thorn and Jas. A. Hamilton, by which it was agreed that an order should be made in that suit by which Rutherfurd should pay the complainants therein $210,000, and the said Hamilton, administrator as aforesaid, the remainder of the personal estate of Wm. Jauncey, deceased, and thereupon an order was made, on motion of the counsel for Herman Thorn and Hamilton, the counsel for the complainants consenting, and the said substituted solicitor for Elizabeth Hait, by the direction of Thorn and on his behalf, consenting thereto, that Rutherfurd should pay $210,000 as the consideration for the assignment by the said complainants to Herman Thorn of their share; and that it be referred to a master to state an account of all the personal estate of the said Wm. Jauncey, deceased; and that Rutherfurd should pay the balance of said estate, after deducting such payment, to Hamilton, as administrator of Wm. Jauncey Thorn, deceased.

Under this order an account was taken; and Rutherfurd delivered over to Hamilton $210,000; and, shortly afterwards, Hamilton delivered over this sum to Herman Thorn.

A bill was then filed in the Court of Chancery of this State, by Archer Gifford, administrator &c. of Elizabeth Hait, deceased, against Mary Rutherfurd, executrix of the will of the said John Rutherfurd, and Herman Thorn, stating the foregoing

facts ; and stating, further, that the said assignment and other instrument obtained by Herman Thorn from Elizabeth Hait were procured by fraud ; that J. Rutherfurd, before the making of the said order made in the Court of Chancery of New York, well knew that the said Herman Thorn had no right to the said share of the said Elizabeth Hait; that he well knew all the circumstances attending the procuring of the said assignment by the said Herman Thorn from the said Elizabeth, and that the same was fraudulent against the said Elizabeth, and that he, the said J. R., would, if called upon by the said Elizabeth, be obliged to account for her share of the said estate ; that the said J. R. so represented the case to the said Herman Thorn, and insisted that, before assenting to the said arrangement and the making of the said order, he the said J. R. should be indemnified against any claimant who should call him to an account touching the said estate or any share thereof.

That, in consideration of the said J. R.'s consenting to the said order, the said Herman Thorn, on the 6th of June, 1837, gave to the said John Rutherfurd a bond of indemnity, and a mortgage to secure the same, to save harmless and indemnify him from all claims or demands in law or equity, that the said Elizabeth Hait, or any other person, might make against him on account or by reason of his paying over to the said Hamilton the said moneys.

And this bill submits, that J. R. thereby became personally responsible to the said Elizabeth for her share thereof, as, in violation of his trust as such executor, he entered into an agreement with said Thorn by which the said Elizabeth was defrauded of her claim against him, as executor, as aforesaid, for her share of the said moneys, and the same, with his knowledge and consent, and in violation of her rights, was, through the said Hamilton, as aforesaid, paid over to the said Herman Thorn.

This bill states, that the complainant has no copy of the said bond of indemnity ; and that the complainant is informed and believes, that it is now in the possession of the said Mary R., executrix, as aforesaid. And submits, that the complainant is entitled to a discovery from the said Mary of the contents thereof, and of all other papers in her possession relating to the said

arrangement by which the said share of the said Elizabeth was transferred by the said J. R., deceased, through Hamilton, to the said Herman Thorn ; and that the said Mary, as such executrix, must, together with the said Herman Thorn, account with the complainant for the said share of the said Elizabeth Hait.

The bill states that Thorn alleges, that he paid the said Elizabeth $6,000 for the said alleged assignment and release by the said Elizabeth to him ; and charges that the share of the said Elizabeth was worth over $200,000, as was well known to said Thorn.

It states that, for the reasons therein given, the said order in the suit in N. Y. gave no additional or further right than the said alleged assignment and release to receive or hold the said share of the said Elizabeth ; and that the said Herman Thorn, and the said Mary R., executrix &c. of J. R., deceased, are bound to account for and pay over the same to the complainant, administrator &c. of said Elizabeth Hait, deceased.

The bill prays, that the said Herman Thorn, and Mary R., executrix &c., may answer the premises ; and set forth what amount of said Jauncey's estate was received by the said Herman Thorn, when and from whom, and in what manner ; and whether any and what consideration was paid by said Herman Thorn for the said alleged assignment by said Elizabeth Hait to him, and when the same was paid ; and a copy of the said alleged assignment and release ; and a copy of the said bond from the said Herman Thorn to the said J. R. That the said alleged assignment and release may be ordered to be delivered up to be cancelled ; and that the said H. Thorn, and the said Mary R., executrix &c. of J. R., deceased, may be ordered to account for and pay to the complainant such portion of the said Jauncey estate as has come to the hands of said H. Thorn, with the consent of the said J. R., or otherwise, and to which the said Elizabeth Hait was entitled in her life time.

John Rutherfurd, the executor of the will of Wm. Jauncey, deceased, and who paid over the personal estate of Wm. Jauncey, deceased, to Hamilton, administrator &c. of Wm. Jauncey Thorn, who paid it over to Herman Thorn, lived in New Jersey when he was appointed executor, and continued to live in this State until his death, and died in this State, leaving a will, of

which the defendant Mary R. is the executrix; and the said Mary R. lives in this State. Herman Thorn, who obtained the said assignment and release from Elizabeth Hait of her share of the estate of Wm. Jauncey, deceased, and who received from the said Hamilton the said personal estate of Wm. Jauncey, deceased, lived, when he obtained such assignment and release, and still lives in N. Y. Wm. Jauncey lived and died in New York, and his will was proved there and his estate administered there.

A subpœna was served on Mary R. A subpœna was issued, directed to Herman Thorn, which has been returned " not found," with the usual affidavit of his non-residence in this State, and of his residence in N. Y.; and thereupon the usual order for his appearance was made, and for the publication of the said order.

A motion was made to vacate this order.

*Wm. Pennington* and *P. D Vroom* in support of the motion. They cited 5 *Cond. Ch.* 198 ; 1 *Stark. on Evid.* 275, notes ; 9 *Mass. Rep.* 462; 3 *Wheat.* 23 ; *Rev. Stat. of N. Y.* 71 ; 15 *Ves.* 164 ; 1 *Scho. and Lef.* 227 ; 2 *Ves.* 284.

*B. Williamson* and *A. Whitehead* contra. They cited 17 *Law Lib.* 45, 6 ; 15 *John. Rep.* 145 ; 1 *Stark. on Evid.* 276; *Calvert on Parties*, 25 ; 1 *Hopk.* 213.

THE CHANCELLOR. This bill sets out a case on which it claims that J. R., deceased, who lived and died in this State, and who had in his hands the personal estate of Wm. Jauncey, deceased, as the executor of his will, and who paid over to the administrator of Wm. Jauncey Thorn the said personal estate, including the share thereof which it is claimed belonged to Elizabeth Hait, became personally liable to the said Elizabeth Hait for her share of the said estate. The bill is filed against Mary Rutherfurd, the personal representative of J. R., deceased, as one of the defendants, and Herman Thorn the other defendant.

Wm. Jauncey, deceased, by his will, after certain devises and bequests therein, gave and bequeathed all the rest and residue of his property, of every kind and description, to Wm. Jauncey Thorn, when he arrives at the age of 21 years, to him and his heirs forever.

Wm. Jauncey Thorn died at the age of 19. The bill claims, that by his death before attaining 21, the said residuary devise and bequest to him lapsed, and that the said residue and remainder thereupon belonged to, and was distributable among the next of kin of the testator, Wm. Jauncey, deceased, of whom Elizabeth Hait was one.

Herman Thorn is the father of the said Wm. J. Thorn. The bill states that the said Herman Thorn claims that the said residuary legacy to his said son Wm. J. Thorn was a vested legacy; and that he the said Herman Thorn, as his father, on the death of his said son, became by law entitled to receive the same. A subpœna was issued, directed to H. Thorn, and on its being returned "not found," the usual order for his appearance was made, and for the publication.

The question whether this legacy was vested or whether it has lapsed lies at the foundation of this suit. It is a question in which Herman Thorn is interested. If it was a vested legacy, the foundation of E. Hait's claim is gone. It was proper, therefore, that Herman Thorn should be named as a defendant, and *that* a subpœna should issue to him; and if returned "not found," an order of publication made. He might desire to come in and put the defense in the suit on this ground; and might be willing to rest it on this ground. It is not till after this question in the cause is resolved in favor of Elizabeth Hait, that there is or will be any necessity of considering the questions raised by the bill in reference to the assignment and release from E. Hait to H. Thorn, and the action of J. R. thereon or in connection therewith. And if there was really no serious doubt that the legacy lapsed, but it was clear to H. Thorn that his only claim to E. Hait's share would be through the assignment and release from her to him, yet, inasmuch as he procured the assignment and release, and is therefore interested in preventing its being declared fraudulent, and more particularly from his having given, as alleged by the bill, a bond and mortgage to J. R. to indemnify him for paying it over to his son's administrator, from whom he would be entitled to receive it, there was no impropriety in naming him as a defendant, and issuing a subpœna and

taking an order of publication as to him. He is certainly interested in this question as well as in the other; and he might desire, or be willing, to put the defense, if the other ground of defense should fail him, on the validity of the assignment and rlease.

The order of publication, therefore, was properly made.

The motion is to vacate it. If the permitting the order to stand, or if proceeding in the cause as it now stands, and without any action on the part of H. Thorn, would commit him to the jurisdiction of this court, so as to enable this court to make a decree against him personally, the motion might prevail. But, if he is not subject to the jurisdiction of this court, and the subject matter which could be the foundation of any decree is not within the jurisdiction of this court, there is no propriety in vacating an order which was properly made. The issuing of a subpœna and taking an order for his appearance and publishing that order will not give this court jurisdiction, either over his person, or over the subject matter of the bill, if, from the nature of the case, the court has no jurisdiction over either.

So far as relates to the obtaining a decree against him personally, ordering him to pay the money he has received, no such decree can be made unless the court acquire jurisdiction over his person; and this order would not give such jurisdiction. As to the other part of the case, which goes against Mary Rutherford, and involves the validity of the assignment and release procured by Herman Thorn from Elizabeth Hait and the charges of knowledge, collusion, &c. in J. R., with a view to a decree against Mary R., executrix &c., H. Thorn is either a necessary party, from his having procured the assignment and his interest in establishing its validity, or he is not. That it was proper that he should be named as a defendant, to give him an opportunity of establishing the validity of the assignment and release, is, I think, clear. If he be a necessary party with the home defendant, for the purposes of a decree touching the validity or invalidity of the assignment and release, and J. R.'s knowledge, collusion, &c., then the subpœna and order of publication as against him were proper, for they would make him sufficiently a party for that purpose. Whether he is a necessary party with the home

defendant in this view of the case, I am not now called upon to say : his counsel will advise him as to this.

If the case be such that the court cannot give relief for want of jurisdiction over either the person or the subject matter, the jurisdiction may be objected to in any stage of the proceedings ; indeed the court would take judicial notice of it, and refuse any decree ; it would not make a decree which it had no power to enforce.    It is otherwise where the objection to the jurisdiction is that there is a perfect remedy at law : such objection must be taken by demurer or insisted on in the answer.

I see no reason for vacating the order of publication.

Motion denied.