CHRISTIAN KNIKEL et al.

*v.*

ELIZABETH SPITZ et al.

[Decided October 3d, 1908.]

1. Equity has no jurisdiction to decree fraudulent wills void.

2. Jurisdiction of equity, when properly invoked, must be exercised in the absence of good reason to the contrary based on a definite principle of equity.

3. In the absence of objection *in limine* that the remedy at law is adequate, equity will exercise its jurisdiction unless on its own motion it sees fit to remand the parties to a court of law.

4. A bill which alleges that a will and deeds were procured by fraud, and prays that the deeds be set aside, and that the title to the lands disposed of by the deeds and will be revested in complainants as heirs-at-law of the grantor and testator, presents a case for equitable relief so far as the bill prays for the cancellation of the deeds, and, in the absence of seasonable objection on the ground that the remedy at law is adequate, equity will take jurisdiction to that extent, though a court of law in ejectment has jurisdiction to determine the validity of the will and deeds in one action.

5. A demurrer to a bill within the jurisdiction of equity on the ground of want of equity is too indefinite to raise the objection that the remedy at law is adequate.

6. The rule as to multifariousness in a bill in equity is based largely on considerations of convenience, especially in those cases of multifariousness which are more properly termed "misjoinder."

7. A bill by heirs which alleges that the ancestor was induced by fraud to execute a will and deeds, and which prays for the cancellation of the deeds, and that the title to the lands be vested in complainants as heirs-at-law, is not multifarious.

8. A bill by heirs for the cancellation of deeds executed by the ancestor on the ground of fraud, which makes heirs whose interests are concurrent with those of complainants defendants without giving any reason for the failure to join them as parties complainant, is bad on demurrer, under the rule that all tenants in common should be joined as parties complainant unless some of them refuse to join as complainants, in which case they should be made defendants with a proper allegation setting forth their refusal to join as complainants.

On demurrer to bill.

*Mr. Maximilian T. Rosenberg,* for the complainants.

*Mr. John J. Fallon,* for the demurrants.

STEVENSON, V. C.

The following are my conclusions:

1. The general specification of· "want of equity" is not sustained. The bill is filed by heirs and alleges that the ancestor made a will and also deeds of conveyance under which the defendant Elizabeth Spitz claims title to the land which is the subject-matter of this litigation, and further alleges in effect that the ancestor was *non compos mentis,* and that the deeds and the will were procured by fraud, duress, undue influence, &c., and prays that the deeds may be set aside and declared null and void, and that the title to the lands may be decreed to be vested in the complainants as the heirs-at-law of their ancestor, and that the defendant in whose favor the will and deeds were made may account for rents.

This court has no jurisdiction to decree the will void. Fraudulent wills constitute the great exception to the jurisdiction of courts of equity arising from fraud. *2 Pom. Eq. § 913; Trustees* v. *Wilkinson, 36 N. J. Eq. (9 Stew.) 139, 141.* It would seem that so much of the bill as alleges that the will was procured by fraud, undue influence or duress, and prays that the title of the complainants be established against the devisee, might have been the subject of a separate demurrer. Disregarding this portion of the bill the remainder clearly presents an equitable cause of action of a very common type.

It is true that if the complainants succeed in having the deeds set aside the defendant Elizabeth Spitz may still assert her title under the will, and that title may finally prevail in a test action in a court of law. But the complainants have no interest in any attack upon the devise to the defendant Elizabeth Spitz in the appropriate tribunal where that matter may be tried unless they can have these deeds declared void. They bring this suit in a court of equity invoking the full extent of the jurisdiction of the

court in order to get a decree which will enable them advantageously to prosecute an action for the enforcement of their rights in another court. The limitation upon the jurisdiction of this court above mentioned may be a defect in our system, and in this and in other similar cases the result may be a great increase of the extent and expense of litigation in order to determine all the controversies between the parties; still, the undoubted jurisdiction of this court, when properly invoked, must be exercised in the absence of a good reason for refraining from the exercise of such jurisdiction based upon a definite principle of equity.

2. Upon the argument of the demurrer the suggestion was made by the court to counsel for the complainants that they had an adequate remedy at law for the grievances alleged in the bill in respect of both the deeds and the will. The question for consideration is whether the jurisdiction of this court based upon fraud, while beyond all question so far as the deeds are concerned, ought to be exercised where the remedy at law is even more ample and adequate than any remedy in a court of equity. *Eggers* v. *Anderson, 63 N. J. Eq.* (*18 Dick.*) *264; Gnichtel* v. *First National Bank of Hightstown, 66 N. J. Eq.* (*21 Dick.*) *88, 89.* In this case not only must the complainants resort to an action at law in order to test the validity of the will alleged to have been procured by fraud, but in the same action they seem to have ample opportunity to test the validity of these deeds. The fraud alleged in the procurement of these deeds is plainly cognizable at law as well as in equity. It is unnecessary to consider the very narrow question, if there be one, whether in an action of ejectment a deed of real estate may be declared void on the ground of undue influence practiced upon the grantor, where there is no other feature of the case which makes the alleged defect in the conveyance classifiable as a fraud. I know of no reason why a jury in an action of ejectment may not pass on the question whether such influence was brought to bear upon the mind of the grantor as to deprive him of his free agency, and to subject his will to the absolute control of others when precisely this same issue in respect of a devise of land not only may be but practically must be tried by a jury in an action of ejectment. Passing this question, however, the case made out in the

bill against these deeds is one of gross fraud as well as duress. It is plain that a court of law in an action of ejectment would have full jurisdiction to adjudicate that these deeds are void on the ground of fraud in their execution.

If the question were an open one and properly presented now on this demurrer, no doubt an argument could be made worthy of careful consideration in favor of the proposition that while this court has jurisdiction to entertain a suit to declare these deeds void on the ground of fraud, such jurisdiction ought not to be exercised when the court is powerless to decide the whole case —when in case the deeds shall be set aside the function of this court ends and the complainants must then resort to an action at law to determine the validity of the will—while the courts of law stand ready in a single action to determine the whole controversy over both deeds and will.

It seems to be settled, however, that the objection to the exercise of the jurisdiction of this court in a particular case based upon fraud must be made *in limine. Eggers* v. *Anderson, supra; Krueger* v. *Armitage, 58 N. J. Eq. (13 Dick.) 357, 361.* In the absence of seasonable objection on the ground that the remedy at law is adequate, this court will proceed to exercise its unquestioned jurisdiction unless of its own motion it sees fit to exercise the discretionary power of remanding the parties litigant to a court of law. *Varrick* v. *Hitt, 66 N. J. Eq. (21 Dick.) 442; Lehigh Zinc Co.* v. *Trotter, 43 N. J. Eq. (16 Stew.) 185, 204.* The defendant by refraining at the first opportunity from raising the objection to the exercise of jurisdiction by this court, which objection, if sustained, will compel the complainant to commence his litigation over again in another court, may well be deemed to be stipulating or assenting to the proposition that the remedy at law is not adequate, and that therefore the complainant's case should be disposed of by the exercise of the jurisdiction of this court.

In this case the only specification of a ground for demurrer which can possibly cover the objection under consideration is the general specification of want of equity. Inasmuch as the court has jurisdiction such a specification seems to me to be too general and indefinite. Moreover, the argument of the demurrer

made by counsel for the defendant did not suggest the point. The parties did not come before the court to argue such a question, and in fact it was not argued except so far as counsel for the complainant endeavored to answer the questions of the court. I do not think that it would be fair to consider this possible objection to the exercise of jurisdiction in this case as presented to the court by the demurrer.

To meet the suggested difficulty in the way of the complainants' case, counsel for complainants cites the decision of Vice-Chancellor Pitney in the case of *Foth* v. *Ellenberger, 47 Atl. Rep. 216.* That case is substantially on all fours with the present one excepting that the case was on final hearing on bill, answer and proofs. The objection above set forth was not taken. The court held that for the purposes of that action the will "must be laid out of view," and a decree was advised setting aside the fraudulent deed. In view of this authority and of the form of the demurrer, I have concluded that even though the proofs have yet to be taken, this court of its own motion should not refuse to exercise its jurisdiction in respect of the perfectly plain case of fraud infecting these deeds set forth in the complainants' bill. If the complainants fail in this suit it would seem that the whole controversy between the parties will be finally settled; if the complainants succeed, it may be that the defendant Spitz will not deem it worth while to assert title under the will. It is therefore by no means certain that the entire litigation between the parties in respect of this tract of land will not be conducted to a final conclusion in this court.

The complainants have a great interest in setting these deeds aside. This court has power to set these deeds aside if the allegations of the bill in respect of them are sustained by proofs. All the reasons above indicated why this court might, in its discretion, decline to exercise its jurisdiction because of the adequate and even more complete convenient and less expensive remedy which the complainants may have in a court of law, are plainly presented upon the face of this bill. The demurrer does not even specify that the complainants have a remedy at law. The grounds of demurrer beyond the general objection of want of

equity and lack of jurisdiction in this court are confined to matters of practice and procedure in courts of equity.

3. The objection that the "bill is multifarious and joins distinct and separate matters together which ought not to be united in one bill" is not sustained. The rule in regard to multifariousness in a bill in equity is based largely on considerations of convenience. This is especially true in these instances of multifariousness which more properly are termed misjoinder. *Emmans v. Emmans, 14 N. J. Eq. (1 McCart.) 114.*

It would be the veriest technicality to sustain this demurrer on the ground that the bill sets forth a good cause of action against the deeds, and a bad cause of action—a cause of action which might have been eliminated by a demurrer—against the will. There is no inconvenience in trying the cause of action in relation to the deeds of which this court has undoubted jurisdiction.

4. The remaining specifications of causes of demurrer may be dealt with together. The objection presented is that three parties who are heirs of the ancestor and whose interests are concurrent with those of the complainants, are made parties defendant and are not made parties complainant, and that "no reason is given for failure to join such persons as parties complainant."

This technical objection, I think, is well taken. All these tenants in common should be joined as parties complainant under a familiar rule unless some of them refuse to join as complainants, in which case they should be made parties defendant with a proper allegation in the bill setting forth their refusal to join as complainants. *1 Dan. Ch. Pl. & Pr. (6th Am. ed.) *190, note (a)* ; *Morse v. Hovey, 9 Paige 197.*

An order will be advised sustaining the demurrer on the ground above set forth and permitting the complainant to amend his bill within twenty days after service upon his solicitor of a copy of the order, and further providing that in default of such amendment the defendant may apply on notice for an order dismissing the bill.