THE CONTINENTAL BANK AND TRUST COMPANY OF NEW YORK, &c., complainant,

*v.*

THE FULTON REALTY COMPANY, a corporation of New Jersey, et al., defendants.

[Decided October 21st, 1932.]

1106

*Messrs. Harrison & Reinhart,* for the complainant.

*Mr. Merritt Lane,* for the defendants.

BACKES, V. C.

One motion is to strike the bill, the other for the appointment of a rent receiver.

On the motion to strike the bill we must confine our consideration to the allegation of the bill.

The first ground assigned is that it is not alleged that the notice of default was given to The Fulton Tower Investment Company, the present owner of the premises, "requisite before acceleration of the principal and foreclosure."

The answer to this is, the bill shows that, to create a default and to accelerate the due day of the mortgage, notice need be given only to the mortgagor, The Fulton Realty Company. Article 7, section 1. The Fulton Towers Investment Company took the title subject to that condition, so far as the bill discloses.

The next objection is that the co-trustee, Roberts, is a necessary party.

The bill alleges that Roberts, as well as Jones, renounced the trusteeship. The contention is that that is a conclusion of fact. We regard it as an allegation of fact.

It is the notion of defendants' counsel that the nominated trustees cannot quit their posts except by resignation as provided by article 12, section 2. That is true as to a trustee who assumed office, but not as to one who declined to act. It does not appear by the bill that either Roberts or Jones accepted the trust, and only four days having elapsed between Klee's resignation and their renouncement, there is no presumption that they accepted; to the contrary, they renounced and "to renounce is to make an affirmative declaration of abandonment." (Webster.) Renouncing is the evidence of "refusing" to serve as provided by article 12, section 1, and refusing, automatically eliminated Roberts as trustee. But neither Roberts nor Jones was obliged to undertake the trust, and having renounced or disclaimed it is as though they had not been appointed. *Lew. Trusts (1888), ch. 11; Leggett* v. *Hunter, 19 N. Y. 445.* The trust resides in the complainant.

The "assignment" by Klee to the complainant and Rob-

erts, accompanying his resignation, was abortive. His right, title and interest ceased with his resignation. He had nothing to assign. The title to the trust estate had been in the two jointly; he dropped out, leaving the title in the complainant.

It is also objected that the bondholders are necessary parties. *Cestuis que trustent* are, as a general rule, necessary parties to a bill by the trustee, but where, because of their number, their inclusion as parties would obstruct rather than facilitate the administration of justice, the rule is relaxed and the trustee may sue without bringing them in. While the bill does not expressly allege that the bondholders are so numerous as to unduly burden the cause if they were made parties, the bill sufficienty informs us that the issue of over a thousand bonds was floated by a prominent banking house in New York and it is to be assumed that the bonds are scattered far and wide among holders so great in number as to bring the case within the exception to the rule and to justify our following the practice laid down in *Willink* v. *The Morris Canal and Banking Co., 4 N. J. Eq. 377.* Further, as in that case, the bondholders appointed the complainant as their representative to prosecute this suit—it is so stipulated in the trust mortgage—and, as the interests of the bondholders and trustee are as one in the effort to recover their money, we presently see no reason for disregarding the appointment, nor the necessity for putting the trustee to the hardship of incorporating the bondholders in the bill and summoning them to court. That they dispensed with, why should not the court? Their absence does not render the bill defective. The trustee, for its own protection, may give them notice of the pendency of the suit and they may, on application, be allowed to intervene as parties defendants, as was suggested in *Williamson & Upton* v. *New Jersey Southern Railroad Co., 25 N. J. Eq. 1,* or on a motion in the cause by the defendant, the trustee may be directed to give notice.

The remaining objection "that the bill is without equity" is too indefinite to be seriously considered. As an attack upon the bill as a whole it is without merit.

The motion to strike the bill is denied.

On the motion for a receiver, the proofs attack the equities of the bill and on this application stand as an answer to the bill. Without a maintainable cause of action, there can be no receiver.

On the motion to strike the bill it was held that the thirty days' notice of default provided by article 7, section 1, need be given only to The Fulton Realty Company. That was because the bill disclosed only that article and section. Now it appears that the default notice should have been served upon The Fulton Towers Investment Company, for by article 8, section 9 (not set out in the bill), it is provided that:

"Wherever in this Indenture reference is made to the Company (Fulton Realty Company) * * * it shall be held to apply also to the successor, successors or assigns of the party referred to."

And by section 7 of the same article (not set out in the bill) it is provided that:

"All the covenants, conditions and provisions hereof shall be held to be for the sole and exclusive benefit of the parties hereto and their successors or assigns and of the holders of said bonds and coupons."

And by article 8, section 8 (not set out in the bill) :

"Any notice or communication which the Trustees or the bondholders shall desire to give or serve upon the company may be given or served by delivering a true copy thereof to any officer of the Company, or by sending a true copy by registered mail addressed to it at its principal office or place of business or at the mortgaged premises."

The petition for the appointment of a receiver does not allege the covenant to pay taxes as in article 3, section 2, nor the acceleration clause of article 7, section 1, nor that written notice of default was served; nor does the supporting affidavit. They may be amended. But supplemental proofs, offered at the hearing, tend to show that on April 23d, 1932, a notice, in all respects in conformity with article 7, section 1,

of the default in payment of the 1931 taxes of $21,131 and of the other items set out in the bill, addressed to "The Fulton Realty Company, Fulton Towers Apartments, East Orange, New Jersey," was, in a sealed envelope with the postage prepaid and registered, addressed to the "Fulton Realty Company, Fulton Towers Apartments, East Orange, New Jersey," placed in the United States post office in New York, and that a few days later the registry receipt was returned signed "George S. Platoff, Fulton Towers Inv. Co.;" date of delivery 4/25/32. The proof also shows, on information, that George S. Platoff is in charge of the affairs of The Fulton Towers Investment Company at The Fulton Towers Apartments, 106 Harrison street, East Orange. It is proved that shortly after the notice was mailed the attorney of The Fulton Towers Investment Company called at the banking house of S. W. Straus & Company, of New York, to negotiate an adjustment of the matter and that he acknowledged the receipt by his client of the notice. We have not the least doubt that The Fulton Towers Investment Company received *this* notice. They do not deny it and the failure to deny is not accidental. The proof of service of the notice is imperfect. The affiant who mailed the notice does not aver the manner of mailing, but says that the manner was averred in an affidavit endorsed on a copy of the notice. The copy is not before us; it may be produced. The proof that he made such an affidavit, of which a copy is incorporated in his proof of service, is not proof of service. The fact of service, however, exists; the proof may be supplied.

The meritorious objection is that the notice of default addressed to the Fulton Realty Company, and the envelope in which it was dispatched by mail, likewise addressed, which fell into the hands of The Fulton Towers Investment Company, was not a notice of default to The Fulton Towers Investment Company. We deem the point well taken. The Fulton Towers Investment Company, it is true, had knowledge of the notice of default addressed to the Fulton Realty Company, but that knowledge was not a written notice to The Fulton Towers Investment Company, the then owner

of the property, of the default and of the consequence that might follow if the default continued for thirty days. Suppose, if the trust mortgage had called for a verbal notice, the trustee had spoken to an officer of the Fulton Realty Company, of the default over the telephone and had told him that unless his company made good foreclosure would follow, would that have been notice to The Fulton Towers Investment Company, had one of its officers overheard the conversation?

We hold that it was The Fulton Towers Investment Company's right to have a personal notice of default, served in the stipulated manner of service of notice (although we do not hold that method to be exclusive) as a condition precedent to the trustee's right to elect to mature the mortgage debt; that the written notice to the Fulton Realty Company, of the default, was not a compliance with the provisions of the trust mortgage and that the trustee is presently, in that respect, not entitled to maintain its action. The whole mortgage debt will not be due until 1934. To accelerate the due day of a mortgage for a default in a condition upon which the credit was extended, where the right to mature is provisional, the provision must be strictly followed. See *McFadden* v. *Mays Landing and Egg Harbor City Railroad Co., 49 N. J. Eq. 176; 22 Atl. Rep. 932.*

The bill may be, with proper amendments, entertained to foreclose for the recovery of the accrued interest, taxes, &c., aggregating upwards of $50,000 (*Pennsylvania Co.* v. *Broadway-Stevens Co., 105 N. J. Eq. 494; 148 Atl. Rep. 575*), but that would not entitle the complainant to the appointment of a receiver. A receiver for rents will not be appointed unless the complainant has the right to possession at law. The appointment of a receiver is an equitable substitute for entry into possession at law. By article 8, section 1, of the trust mortgage, the trustee is entitled to possession only after notice of default as per article 7, section 1, and by article 13, section 4, it is provided that the owner is entitled to retain possession and to take the rent issue and profits "until such default [payment of interest, taxes, &c.,] shall have continued after notice."

Although the rents are specifically pledged by the trust mortgage, it is clear that the pledge was not to be exercised until after default and notice, and, notice of default not having been given, the defendant cannot be deprived of the rents and a receiver cannot be appointed.