**SACKS v. STECKER.**

No. 79.

Circuit Court of Appeals, Second Circuit.

Dec. 12, 1932.

John L. Clark, of New York City (Boyd MacLean, of Jersey City, N. J., of counsel), for appellant.

Arthur H. Haaren, of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

By this action the plaintiff seeks to recover a commission for procuring the sale of real estate. Jurisdiction rests upon diversity of citizenship.

The land in question was located in New Jersey and belonged to a brewing company of which the defendant was the president. The complaint alleges a personal contract by the defendant and performance thereof on the part of the plaintiff, entitling him to a 5 per cent. commission on the price for which the brewing company sold its land. The defendant's answer, in addition to a general denial, sets up the defense of res judicata based upon proceedings in a prior suit in chancery brought by the plaintiff in the courts of New Jersey. On the trial below the jury returned a verdict for the plaintiff, but, on motions reserved during the trial, the court set the verdict aside and dismissed the complaint on the ground that the decree in the New Jersey suit was a bar to the present ac-

tion. The only question presented by the appeal is the correctness of this ruling.

In the New Jersey suit in chancery Sacks sued Stecker and the brewing company for the same commission as he seeks to recover by the present action. Stating·that he had no adequate remedy at law, the prayer of his bill of complaint asked that the defendants, or one of them, be decreed to pay the amount owing for his commission, 'that the amount found due be declared a lien on their assets, and that they be restrained from transferring any property received or collected by them from the sale of real estate owned by the company, and from disposing of any property in their possession. Upon the filing of the bill, a temporary restraining order was issued, and the defendants were ordered to show cause why an injunction should not be granted in accordance with the prayer of the bill. Thereafter the defendants filed their joint answer, denying most of the allegations essential to the plaintiff's cause of action. They did not deny, however, that the plaintiff was without an adequate remedy at law. As a special defense the defendants alleged a failure to comply with the statute of frauds, and concluded: "Wherefore, the defendants demand judgment that the complaint be dismissed." Notice of a motion to dismiss "for want of equity" was filed and served upon the complainant's solicitors. This motion, together with motions by the complainant for a temporary injunction and for leave to amend his bill of complaint, was heard by a vice chancellor who rendered an opinion [1] advising that the bill be dismissed. Accordingly, a decree was entered dismissing the bill of complaint with costs, vacating the restraint which had previously been imposed, and denying the complainant's application for an injunction and for leave to amend his bill.

It is conceded that if this was a dismissal upon the merits of the cause of suit alleged in the complaint against Stecker, then the present action is barred. See Putnam v. Clark, 34 N. J. Eq. 532; Mutual Life Ins. Co. v. Newton, 50 N. J. Law, 571, 14 A. 756; Sarson v. Maccia, 90 N. J. Eq. 433, 108 A. 109. A decree entered upon demurrer is no less effective as res judicata than a decree rendered upon proof. Old Dominion Copper Mining & Smelting Co. v. Lewisohn, 202 F. 178 (C. C. A. 2); Northern Pac. Ry. v. Slaght, 205 U. S. 122, 130, 27 S. Ct. 442, 51 L. Ed. 738. But the plaintiff contends that the decree was not upon the merits as against Stecker.

[1] Orally.

In support of this contention it is argued that the motion to dismiss was not made by Stecker because the notice of motion was signed by the solicitors as "Solicitors of defendant Hudson County Brewing Company." However, both defendants had the same solicitors, and the vice chancellor evidently construed the motion as made on behalf of both defendants, for the decree recites that "due notice of the defendants' motion to dismiss" had been given, and that the decree is made "on motion of Burke, Sheridan and Hourigan, Solicitors of the defendants."

It is further argued that the dismissal could not have been upon the merits because the bill did not lay a ground for equity jurisdiction as against Stecker. It is true that if the dismissal as against Stecker was for lack of equity jurisdiction, the decree would not bar an action at law upon his contractual obligation. Wright v. Deklyne, Fed. Cas. No. 18076 (C. C. N. J.); Langford v. Bond Realty Corporation, 47 F.(2d) 480 (C. C. A. 5). Cf. also, Metropolitan, S. & L. Ass'n v. Dughi (N. J. Err. & App.) 49 A. 542; Borcherling v. Ruckelshaus, 49 N. J. Eq. 340, 24 A. 547. And the party relying upon res judicata has the burden of showing that the decree was upon the merits. Societe Nouvelle v. Barnaby, 246 F. 68, 73 (C. C. A. 9); American Trust Co. v. Butler, 47 F.(2d) 482 (C. C. A. 5). It may very well be that, upon a proper and seasonable objection, it would have been the duty of the New Jersey chancellor to hold that the bill of complaint did not allege facts sufficient to justify a court of equity in entertaining jurisdiction over the cause of action against the defendant Stecker. But we do not find it necessary to consider this question. In New Jersey, an objection to equity jurisdiction must be raised by demurrer or answer. And where the objection is not so raised in limine, the court may in its discretion, and often does, exercise jurisdiction although the plaintiff would have an adequate legal remedy. Lehigh Zinc & Iron Co. v. Trotter, 43 N. J. Eq. 185, 204, 7 A. 650, 10 A. 607; Roe v. Mayor of Jersey City, 80 N. J. Eq. 35, 86 A. 815; Knikel v. Spitz, 74 N. J. Eq. 581, 70 A. 992; Reeves v. Reeves, 102 N. J. Eq. 436, 141 A. 175, 179. The defendants' motion to dismiss was, of course, equivalent to a demurrer. But it is plain that they did not intend thereby to question the jurisdiction of the chancellor. As previously stated, they did not deny the allegation that the plaintiff's remedy at law was inadequate. Moreover, both defendants joined in their answer in the demand that the complaint be dismissed for failure to show compliance with the statute of frauds. In specifying "want of equity" as the ground in their notice of motion to dismiss, they must have had reference to their special defense. Furthermore, it has been held in New Jersey that "want of equity" is not a sufficiently definite specification to raise the question of equity jurisdiction. Safford v. Barber, 74 N. J. Eq. 352, 70 A. 371. Knikel v. Spitz, 74 N. J. Eq. 581, 584, 70 A. 992. The usual method of raising this issue seems to be to specify as a ground of demurrer that the plaintiff has an "adequate remedy at law." See Middlesex Transp. Co. v. Pa. Rd. Co., 82 N. J. Eq. 550, 553, 89 A. 45; McCran v. Western Union Tel. Co., 94 N. J. Eq. 281, 290, 120 A. 515; and see Reeves v. Reeves, 102 N. J. Eq. 436, 141 A. 175, 178; Stevenson v. Morgan, 63 N. J. Eq. 805, 52 A. 1122; Continental Bank & Trust Co. v. Fulton Realty Co., 162 A. 560, 563, 10 N. J. Misc. 1105.

The language of the decree itself lends no support to the plaintiff's contention, for in granting the defendants' motion to dismiss it recites that the bill of complaint "discloses no cause of action." See Swift v. McPherson, 232 U. S. 51, 55, 34 S. Ct. 239, 58 L. Ed. 499; Martin v. Evans, 85 Md. 8, 36 A. 258, 36 L. R. A. 218, 60 Am. St. Rep. 292. It is said that the vice chancellor's opinion disregarded the alleged cause of suit against Stecker and dealt with the statute of frauds which could correctly have been held a defense only in favor of the brewing company. But at most this might tend to show that he failed to consider the possibility that a decree on the merits in favor of Stecker did not necessarily follow from such a decree in favor of the brewing company. And the opinion does affirmatively show that the dismissal as to the company was on the merits. Since the decree does not differentiate between the two defendants, it seems clear that the dismissal as to Stecker was also on the merits. Whether this was erroneous as a matter of law is, of course, immaterial so far as the application of the doctrine of res judicata is concerned. The plaintiff chose not to test that question by appeal from the decree. He now argues that an appeal could only have resulted in affirmance because dismissal was correct since his remedy at law was adequate. But the New Jersey cases previously cited indicate that the defendants' failure to raise this issue might have resulted in retention of jurisdiction over the cause on appeal and an ultimate grant of whatever relief the plaintiff was entitled to. See, also, Palys v. Jewett, 32 N. J. Eq. 302. Even if it were

otherwise, adequacy of plaintiff's legal remedy would not have prevented reversal, as indicated in House v. Mullen, 22 Wall. 42, 22 L. Ed. 838, which gives as a reason for reversal the possibility that the decree might stand as a decision on the merits and present a bar to a subsequent suit.

· The only authority cited by the appellant which we deem it necessary to mention is Northwestern Port Huron Co. v. Babcock, 223 F. 479, 482 (C. C. A. 8). In that case, A had sued B on a note; B counterclaimed for a conversion; only the latter issue was submitted to the jury. On an appeal from a judgment for B, A asked to set off the amount alleged to be due him on the note. This was denied on the ground that that issue was "practically out of the case." In a subsequent action on the note, B's plea of res judicata was overruled on the ground that the issue had not been litigated in the prior action. The case is clearly distinguishable. The appellate court in the first proceeding did not pass upon A's cause of action for the reason that it had not been submitted to the jury.

The court below correctly held that the New Jersey decree was a bar to the present action.

Judgment affirmed.