Complainant's bill seeks, as against the defendant, St. Stephens Roman Catholic Magyar Church, Passaic, New Jersey, hereinafter referred to as the "Church," the foreclosure of a mortgage and, in the alternative, as against the other defendant, Passaic National Bank and Trust Company, hereinafter designated as the "Bank," a money decree.
The undisputed facts which gave rise to and culminated in the present litigation are that on February 21st, 1928, complainant drew his check on the defendant bank in the *Page 28 
sum of $4,000, payable to the defendant church, and delivered it to the latter's pastor and treasurer, Rev. Joseph Marczinko, from whom he then received a bond and the mortgage in question, both of which were conditioned for the payment of $4,000 and interest and purported to have been executed on behalf of the defendant church by Alexander Propper and the Rev. Joseph Marczinko, as president and secretary, respectively, of its board of trustees.
Complainant's said check, which represented the consideration of this bond and mortgage, was not deposited to the account of the church, which it maintained at the defendant bank, but instead was endorsed by the Rev. Joseph Marczinko, "Rev. Joseph Marczinko, Treas. of St. Stephen Rom. Cath. Magyar Church," who then cashed it at the defendant bank, misappropriated the proceeds to his own use and subsequently absconded, leaving behind him this detailed trail of events which led to the present legal controversy.
The defendant church answered and counter-claimed denying the due execution and legal efficacy of the bond and mortgage and praying that they be delivered up for cancellation. The facts with respect to the execution of the bond and mortgage, which are not here controverted, unquestionably demonstrate and establish that both these instruments lack legal vitality.
The defendant church was incorporated under and pursuant to the provisions of the Religious Societies act. 3 Comp. Stat. pp.4327, 4328. As such, its proceedings, orders and acts became, by section 43 of this act, valid and effectual in law only in the event that such received "the sanction of the bishop, or in the absence of the bishop, of the vicar-general, or in case of a vacancy in that office, of the administrator of the diocese for the time being."
Without the sanction prescribed by section 43, supra, the bond and mortgage here involved were invalid and ineffectual in law. That this sanction was never applied for nor granted is a fact here established and not denied. No suggestion or contention is here made that the defendant church received all or any part of the proceeds of complainant's check which *Page 29 
it is conceded constituted the sole consideration for the bond and mortgage in question. Nor is there even a scintilla of evidence from which it appears, or may be inferred, that either of these instruments were ever ratified by the defendant church.
Furthermore, it nowhere appears that Alexander Propper, who signed as president of the defendant church, was ever elected to, or in fact held, such office; or that he and the Rev. Joseph Marczinko, who signed as secretary, were in fact ever authorized by the board of trustees of the defendant church to execute the instruments in question, without which authorization, which the evidence establishes was never given, they clearly were without power to do so on its behalf. Leggett v. New JerseyManufacturing and Banking Co., 1 N.J. Eq. 541; Titus and Scudder
v. Cairo and Fulton Railroad Co., 37 N.J. Law 98; Stokes v.New Jersey Pottery Co., 46 N.J. Law 237; Bennett v. Keen,59 N.J. Eq. 634; Mausert v. Feigenspan, 68 N.J. Eq. 671; Thomson
v. Central Passenger Railway Co., 80 N.J. Law 328; Beach v.Palisade Realty and Amusement Co., 86 N.J. Law 238; AerialLeague of America v. Aircraft Fireproofing Corp.,97 N.J. Law 530; C. Berenda Weinberg, c., Inc., v. Weinberg, 105 N.J. Eq. 690.
The undisputed evidence satisfies me that the defendant church is unquestionably entitled to have the bond and mortgage surrendered up for cancellation in accordance with the prayer of its counter-claim.
Complainant insists that he is entitled to prevail as against one or the other of these defendants. But this, of necessity, does not, and here cannot, follow. Under the first count of the bill, complainant seeks the foreclosure of the mortgage in question as against the defendant church; while under the second count thereof he prays for a decree against the defendant bank for the sum of $4,000 and interest. The first count is ostensibly based upon a mortgage transaction between complainant and the defendant church, wherein the defendant bank neither was concerned nor participated. The second count appears to be predicated upon a breach of the *Page 30 
contractual relationship existing between the defendant bank and complainant as a depositor, and to which contract or transaction the defendant church was not a party.
Hence, it requires neither profound analysis nor protracted discussion to demonstrate that the specific causes of action pleaded in the first and second counts of the complaint do not arise out of the same transaction, bear no legal relationship to and are in nowise dependent upon each other. They unquestionably are separate and independent of each other, each arising out of a separate and distinct transaction and between different parties. Consequently, they cannot properly constitute or afford the basis of obtaining equitable relief in the "alternative," as that character of relief is equitably conceived and defined.
By way of answer to the defendant bank's contention that the bill as against it should be dismissed for lack of jurisdiction, want of equity and adequacy of remedy at law, complainant urges the retention of the bill, as well as an adjudication of the issues involved, because of the defendant bank's failure to raise all or any of these objections by motion to strike or by its answer filed.
The rule laid down in Gifford v. Thorn, 7 N.J. Eq. 90;Seymour v. Long Dock Co., 20 N.J. Eq. 396; Ireland v. Kelly,60 N.J. Eq. 308, that where the defendant has not raised the objection that the complainant has an adequate remedy at law, until after the testimony has been taken, this court, in its discretion, will retain the cause, if it is competent to grant the relief sought and has jurisdiction of the subject-matter, is now firmly embedded in our equitable jurisprudence.
Equally established, however, is the rule that an objection that an adequate remedy exists at law may be raised by motion to strike or else reserved in answer filed. Gifford v. Thorn,supra; Seymour v. Long Dock Co., supra; Hoagland v. SupremeCouncil Royal Arcanum, 70 N.J. Eq. 607; Reeves v. Reeves,102 N.J. Eq. 436.
Pursuant to leave applied for and granted by this court, defendant bank filed an amended answer setting up these *Page 31 
objections. At the hearing it moved the dismissal of the bill, decision upon which motion was reserved until the conclusion of the hearing. No evidence was offered or submitted on its behalf.
The facts here existing are such that this court, in the exercise of its sound discretion and on its own motion (Mertens
v. Schlemme, 68 N.J. Eq. 544; Knikel v. Spitz, 74 N.J. Eq. 581; Coast Co. v. Mayor, c., of Spring Lake, 56 N.J. Eq. 615;Hoagland v. Supreme Council Royal Arcanum, supra, and Reeves
v. Reeves, supra), should dismiss the bill and relegate complainant to the remedy afforded him by law as against the defendant bank.
A decree may be entered in conformity with the foregoing views.