This matter came before me on a motion to strike out the bill of complaint after answer filed.
In the answer, the defendant has attempted to reserve the right to make the said motion. At law, a party may either move to strike out the objectionable pleading or may reserve the right to do so in his answering pleading. S.C.R. 40. No such rule, however, exists in equity. The rules of this *Page 412 
court provide that objections to pleadings must be by motion.Rules 69 and 77. After a defendant has pleaded to the merits he will not be permitted to move to strike out the bill.Ireland v. Kelly, 60 N.J. Eq. 308. A defendant may either answer or move to strike; he cannot do both.
The ground upon which the motion was based is that the bill does not set forth an equitable cause of action and that the complainant, therefore, has an adequate remedy at law. The solicitor of the defendant asserts that authority for this right to make the present motion is to be found in Slavin v. St.Stephens, c., Church, 114 N.J. Eq. 27, where the court said: "* * * an objection that an adequate remedy exists at law may be raised by motion to strike or else reserved in answer filed." Counsel has misapprehended the rule stated in the cited case, perhaps because of the use of the word "reserved."
An objection to the jurisdiction based on the claim that there is an adequate remedy at law is not one which is available to a defendant at any stage of the cause. Such objection should be made, either by a motion to strike, or be included in the answer by way of defense. However, if neither of these steps is taken, the defendant may, nevertheless, at final hearing, and before any testimony is taken, move to dismiss the bill. Hoagland v.Supreme Council, Royal Arcanum, 70 N.J. Eq. 607; Slavin v. St.Shephens, c., Church, supra. If the defendant experiments, and does not make the objection until the case has been heard, the court, in its discretion, may retain the cause and grant the proper relief, since a defendant who has answered fully on the merits is deemed to have submitted to the jurisdiction. Reeves
v. Reeves, 102 N.J. Eq. 436.
 The motion to strike the bill of complaint is denied. *Page 413