IDA BALDAUF, PLAINTIFF AND RESPONDENT, v. GEORGE E. MANN, DEFENDANT, AND ROLAND D. CROCKER, DEFENDANT AND APPELLANT.

Submitted July 2, 1914—Decided November 6, 1914.

1. A purchaser at a ·tax sale who records his certificate as a mortgage pursuant to section 56 of the Tax act of 1903 (*Pamph. L., p.* 430), is entitled to the rents and profits of the land accruing up to the time of redemption by the owner, and in case of payment of the same to the owner by a tenant, may recover it from the owner as money had and received to his use.

2. The right to such rents and profits is not dependent on the service of the notice provided by section 59, which is intended as a foundation for foreclosure of the· right to redeem.

On appeal from the District Court.

Before Justices SWAYZE, PARKER and KALISCH.

For the appellant, *Roland D. Crocker* in *pro per.*

For the respondent, *Harry B. Brockhurst.*

The opinion of the court was delivered by

PARKER, J.    This is a dispute over one month's rent of a house and lot sold for unpaid taxes. The defendant Crocker owned the property, which he had rented to his co-defendant, Mann, for $35 a month. There was a tax sale on September 4th, 1913, and Baldauf, the plaintiff and present respondent, bought the property in. Baldauf then, on the same day, recorded the certificate of sale "as a mortgage" pursuant to section 56 of the Tax act of 1903. *Comp. Stat., p.* 5135. No notice to redeem, under section 59 of that act, was served on Crocker, the landlord, but only a letter demanding the rent. A redemption notice, blank as to the amount of the purchase price and as to time for redemption, and containing a warning not to pay rent to Crocker, was left at the tenant Mann's house, with the person in charge. On September 26th, Crocker redeemed the property from the sale by payment to the collector of the moneys specified in the act (*Pamph. L.* 1909, *p.* 395; *Comp. Stat., p.* 5137, § 57), and on September 29th filed the redemption certificate pursuant to section 58 of the act. On the same day, September 29th, Mann paid the September rent of $35 to Crocker. Then the respondent, Baldauf, claiming to be entitled to the rent so paid, and also to the August rent which appears to have been unpaid at the time of the tax sale, sued Mann and Crocker in the alternative. The District Court gave judgment in favor of Mann, the tenant, and awarded a judgment for the September rent against Crocker, evidently on the theory of money had and received by Crocker to the use of the plaintiff.

The case at bar is the converse of *Anson* v. *Elwood,* 76 *N. J. L.* 56, where the rent had been paid to the tax purchaser,

and after redemption, the owner sued to recover it back. We held there that the owner was not entitled to the rent that had accrued between the sale and the redemption. So far as applicable the decision is, of course, controlling. In this case the appellant does not dispute the legality of the sale or of the record of the certificate, nor does he make any claim that the rent fell due outside the period between the sale and the redemption. He says, first, that the notice served on Mann, the tenant, was not a good notice under section 59. That may be conceded without affecting the result in this case. Mann was the tenant, the judgment was in his favor, and naturally he is not here as an appellant. The legality or otherwise of the notice left at his house does not affect Crocker. Besides, this notice, so far as based on section 59, has nothing to do with the right to rent under section 56. The purpose of a notice under section 59 is to cut off the fee by fixing a limit to redemption. This was substantially pointed out in *Anson v. Elwood, supra.*

But it is argued that the act in its spirit contemplates some sort of a notice to the owner when the certificate is recorded as a mortgage, and that this must be governed by the rules of the common law requiring a personal service. We think that no formal notice to the owner is required except in cases where it is intended to cut off the right to redeem. The owner would seem to be charged with notice that he owes his taxes and with notice of sale if they are unpaid, and by virtue of the recording acts he would seem to be also charged with notice of the record of the certificate of sale as a mortgage and the resulting right of the purchaser thereunder to the rents. But this is unnecessary to decide, because before Crocker collected the September rent, he had received actual notice of the sale in the shape of a letter from Baldauf demanding the rents and had actually paid the redemption money to the collector and received a certificate and put it on record. Necessarily, he had all the notice of the tax sale that anyone could reasonably require, apart from the terms of some statute.

It is argued that the redemption canceled the sale *ab initio*. But on this point the case of Anson *v.* Elwood is conclusive. The act itself, under section 56, says that under circumstances similar to the present the purchaser is entitled to the rents for the term of the sale or until redemption. Plainly, it was intended that a tax delinquent in such case should lose both his rents and the twelve per cent. interest on the unpaid taxes, as well as pay the principal thereof. It is no doubt true that under the terms of the act a tax purchaser may abstain from serving his notice to redeem and collect rents for an indefinite period as well as his twelve per cent. on final redemption. Possibly, it would have been better if the statute required the prompt service of a notice to redeem. But this is a matter for the legislature.

We find no error in the proceedings below and the judgment will therefore be affirmed.