This is a bill to foreclose a second mortgage, filed June 26th, 1926. A receiver to collect rents, c., was appointed on September 14th, 1926. He took immediate possession of the mortgaged premises, an apartment house, and collected the rents until foreclosure sale on June 7th, 1927, amounting to $2,785.71. The complainant purchased the mortgaged premises at that sale at a sum which left a deficiency of over $15,000 on his decree. The claimant, Paramount Investment Corporation, on October 28th, 1926, purchased the mortgaged premises at a tax sale for delinquent taxes for 1925 in the amount of $1,341.71. The certificate of tax sale was recorded in the Essex county register's office in November 29th, 1926, and on that day the receiver was notified of these facts and of the tax purchaser's claim to the rents from the date of the recording of the certificate until redemption, but that no action would be taken to interfere with the receiver's possession under the order of the court. The tax purchaser also notified the tenants of its claim to be entitled to receive the rents and directed them to pay the rents to the receiver in order that there might be no confusion.
The receiver immediately acknowledged receipt of the letter addressed to him, stating that the rents collected would be deposited in his account as receiver subject to the court's order, and that when his account was filed the tax purchaser would *Page 631 
be notified so that the rights of the various parties in interest could be determined.
Pursuant to this arrangement the receiver collected the rents, as above stated, and made disbursements for water rents amounting to $246.86 and for incidentals amounting to $18.60. The balance of the rents collected, less the receiver's fee allowed by the court, has been paid into court pending the disposition of the claims of the complainant and the Paramount Investment Corporation. During the period of the receivership, taxes amounting to over $1,500 accrued but were not paid. Interest amounting to $2,600 also accrued on a prior mortgage. There was also some insurance cost during this period, but the amount is not stated. The amount paid into court by the receiver would show a deficit of some $1,600 after the taxes and other operating expenses of the apartment house were paid for the period of the receivership. The Paramount Investment Corporation claims a portion of the funds deposited in court, amounting to $684.53, representing rents collected after November 29th, 1926. The complainant claims that this balance should be applied, first, to the payment of taxed costs amounting to $460.86, and second, to the deficiency on complainant's decree.
In support of complainant's claim it is alleged that the tax purchaser has no right to the rents collected by the receiver after the recording of the certificate of tax sale, because he did not enter into actual possession, and cites in support of this claim the unreported cases of Cohn v. Simon et al. andCohn v. Schrader et al., at the November term of the supreme court in 1921 (docket No. 607), in which a per curiam opinion was rendered by Justices Swayze, Black and Katzenbach.
On behalf of Paramount Investment Corporation it is claimed that it was impossible for it to take actual possession of the premises without contemning the court's order appointing the receiver, and that under the circumstances it did all that it was necessary for it to do to assert its rights.
I am convinced that this claim on behalf of the Paramount Investment Corporation is well founded, that it could not *Page 632 
interfere with the possession of the receiver without an order of this court, and that what was done was, under the circumstances, the proper practice. The only thing this claimant could have done other that what it did do, was to have applied to this court to dispossess the receiver and put the tax purchaser in possession. This it chose not to do, resting upon the understanding with the receiver as evidenced by the correspondence between them, that the rights of the respective claimants to the fund could be determined by the court upon the filing of the receiver's account. The Paramount Investment Corporation was not a defendant to this foreclosure suit, and its rights could not be affected by any decree made therein (Zeiter v. Bowman, 6 Barb. (N.Y.)133); and any interference with the possession of the receiver, who was an officer of the court, would have been a contempt of court and punishable as such. Noe v. Gibson, 7 Paige (N.Y.)513. Claims of equitable rights superior to those of the receiver, should be passed upon in the cause in which the receiver is appointed and not in an independent action. Parker
v. Browning, 8 Paige (N.Y.) 388. It was perfectly proper, therefore, for the Paramount Investment Corporation, after giving notice of its rights both to the tenants and to the receiver, to await the determination of those rights by the court upon the filing of the receiver's account.
In my judgment, therefore, the Paramount Investment Corporation is now entitled to whatever rights it would have had if actual possession had been taken. It remains to be determined what those rights are in view of the provisions of section 34 of the Tax Sale Revision act of 1918. P.L. 1918 p. 892 § 34.
In Anson v. Elwood, 76 N.J. Law 56, the court held that the tax purchaser in possession was entitled to the rents and profits without liability to account to the owner therefor on redemption. In that case the court had under consideration the provisions of section 56 of the Tax act of 1903, and it was held that the rights of a tax purchaser in possession differ from those of a mortgagee in possession in that the latter is required to account to the owner for the rents collected, *Page 633 
and must apply on the mortgage debt the surplus of rents over and above taxes and other expenses, while the former is not. That undoubtedly was the law under the 1903 Tax act. In Rogers v.Cressman, 98 N.J. Eq. 209, in commenting on the rights and liabilities of a tax purchaser in possession under the 1903 act, I suggested that he was obliged to pay subsequent taxes and municipal liens in consideration of his right of occupancy of the premises and his right to the rents and profits. Under that act he was not entitled, on redemption, to reimbursement for subsequent taxes and municipal liens paid by him. Under the 1918 act, however, on redemption he is entitled to reimbursement for those expenditures. A fortiori, then, a purchaser at a tax sale in possession should now pay taxes and other municipal liens accruing during such possession. His rights under the 1918 act are those of a mortgagee in possession. Cohn v. Simon andCohn v. Schrader, supra. In those cases the supreme court, in referring to section 34 of the Tax Sale Revision of 1918, said:
"We think the intent of the statute was to enable the purchaser of a tax title upon recording his certificate to acquire theright of a mortgagee in possession, but in this respect the statute was not self-executory, and the purchaser of the tax title might, if he chose, avoid the responsibility of the mortgagee in possession." (Italics mine.)
This interpretation of section 34 of the 1918 Tax act indicates that the rule laid down in Anson v. Elwood, supra, is not now applicable. The opinion of the three justices of the supreme court who sat in the Cohn cases is entitled to the highest respect, and it is in conformity with my idea of equity as it should be applied in the case sub judice.
The rights of a mortgagee in possession are to collect the rents and profits; his responsibilities include a liability to account for those rents and profits on redemption. Stewart v.Fairchild (Court of Errors and Appeals), 91 N.J. Eq. 86. It has been well said that the duties of a mortgagee in possession are those of a provident owner. Thom. Mort. 79. Applying this rule to the present case, the claimant, Paramount *Page 634 
Investment Corporation, would not be entitled to receive anything, as the amount of unpaid taxes accruing during the period in which it was entitled to possession far exceeds the amount collected by the receiver. I will advise a decree accordingly.