J. CHAUNCEY VAN HORN, APPELLANT, v. J. WILLIAM HUEGEL ET AL., RESPONDENTS.

Argued May 19, 1927—Decided October 17, 1927.

For the appellant, *Amos M. Waln.*

For the respondent Ray Meltz, *Hugo Woerner.*

For the respondents J. William Huegel and Alfred S. Clark, *Lowry & Lowry.*

The opinion of the court was delivered by

BLACK, J.   The complaint filed in this case contains two counts.   The first count seeks to recover $14,025 from the owner, Ray Meltz, and his real estate agents, Messrs. Huegel and Clark, rentals of premises known as No. 165 Park avenue, in East Orange, an apartment house, from November 2d, 1922, to May 9th, 1923.   The second count seeks to recover the same amount from the owner for the use and occupation

of the premises for the same period. The basis for a recovery alleged in the complaint is an allegation that the premises were sold for unpaid taxes at a public vendue to the plaintiff, on October 20th, 1922, by the collector of taxes of East Orange. That on the 27th of October, 1922, the collector of taxes did by his certificate grant and convey the premises to the plaintiff in fee-simple, which was recorded on November 2d, 1922, in book V. 46, page 477, of mortgages for Essex county. That by virtue of the statute he is entitled to the rents of the premises after the date of recording the certificate. There is no other allegation, such as giving notice of the sale to the tenants and owner or taking possession of the premises under the statute *Pamph. L.* 1918, *p.* 892, § 34. On notice the Chief Justice struck out the complaint on December 22d, 1923, on the ground that it disclosed no cause of action. Thereafter, on December 1st, 1925, a judgment final was entered dismissing the complaint. On October 28th, 1926, notice of appeal was filed, which was dated December 28th, 1925. On November 10th, 1926, the following ground of appeal was filed, which was dated October 28th, 1926, viz.: "Because the Supreme Court gave judgment for the defendants-respondents, when it should have given judgment for the plaintiff-appellant." This seems to be, in reference to time, within the case of *Prantl* v. *Junk,* 93 *N. J. L.* 387. A motion to dismiss the appeal in this court was made, which by consent of counsel was argued with the cause on the merits. One of the grounds on which it was moved to dismiss the appeal, was there are no proper grounds of appeal served or filed in the case. We think this point is well taken for the reasons given by Mr. Justice Dixon in the case of *Driscoll* v. *Carlin,* 50 *N. J. L.* 28. Correct practice requires that the grounds relied upon for a reversal from a court in the first instance should be specified in the assignment of errors. The common errors relate only to the record itself, and not to the out branches of the record. Errors outside of the strict record should be specially assigned. This is unlike the cases on appeal to this court from the Supreme Court, sitting as a court of review. In such cases it is sufficient to allege that

the Supreme Court erred in giving judgment, as illustrated in the cases of *State* v. *Verona*, 93 *N. J. L.* 389; *Thompson* v. *East Orange*, 94 *Id.* 106, 111; *State* v. *Metzler*, 94 *Id.* 418. This precise point is reviewed at some length by the Chancellor in the case of *Trenton Banking Co.* v. *Rittenhouse*, 96 *Id.* 450. But as the construction of a section of the General Tax act (*Pamph. L.* 1918, *p.* 892, § 34) is involved, raising a question of state-wide and public interest, we proceed to dispose of the meritorious question, viz., the proper construction and application to be given to *Pamph. L.* 1918, *p.* 892, § 34, which provides: "The purchaser may record the certificate of sale in the office of the clerk or register of the county where the land lies as a mortgage of land, and thereupon shall be entitled to the immediate possession of the property sold and described in the certificate and to all rents and profits thereof, from and after the date of record until redemption."

The purchaser, by the terms of the statute, is entitled to the immediate possession of the property and to all rents and profits. The two subjects, possession and rents, are connected, the right which the purchaser has under the tax title is to the immediate possession. He must assert this right, however, in some form, such as giving notice to the tenants and owner before his right to the rents accrues, otherwise the tenants have no means of protecting themselves against a second payment. As was said by the Supreme Court, in the case of *Cohn* v. *Simon*, an unreported opinion, at the November term, 1921, the intent of the statute was to enable the purchaser of the tax title, upon recording his certificate, to acquire the right of a mortgagee in possession. The statute is not self-executory. He may be content with the fact that he is entitled to possession at any time, but this alone does not give the purchaser a right to the rents until he asserts that right in some form, a right to the possession of the premises is given by the statute.

In the case of an apartment house, such as is involved in this case, this can *be easily* done by asserting a right to the possession on the premises and giving the tenants notice of

that fact, with a statement that he has bought the property at a tax sale, and recorded the certificate in compliance with the statute, and that he demands the rents of the premises, thus laying the foundation for a right to recover the rents in an appropriate action under the statute.

As there was no such allegation in the complaint, we think it was not error to strike out the complaint.

*Pamph. L.* 1918, *p.* 892, § 34, is substantially the same section as *Pamph. L.* 1903, *p.* 430, § 56. That section, but on a different point, was construed by the Supreme Court in the cases of *Anson* v. *Elwood,* 76 *N. J. L.* 56, and *Baldauf* v. *Mann,* 86 *Id.* 460.

The judgment entered in the Supreme Court dismissing the complaint is therefore affirmed.

*For affirmance*—TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, DEAR, JJ. 12.

*For reversal*—None.