MERCHANTS AND TRADERS REALTY COMPANY, complainant-respondent,

*v.*

MOSES STERN et al., defendants-appellants.

[Submitted October term, 1927. Decided February 6th, 1928.]

Under *P. L. 1918 p. 892 § 34*, the Tax Sale Revision act, the recording of the tax sale certificate is not in itself and alone sufficient to recover the rents. The right to possession must be asserted in some form. *Van Horn* v. *Huegel, 104 N. J. Law 106; 139 Atl. Rep. 28.*

On appeal.

*Mr. Saul Nemser,* for the defendants-appellants.

*Mr. Isidor B. Gluckman* and *Mr. Michael S. Precker,* for the complainant-respondent.

The opinion of the court was delivered by

BLACK, J.

This is an appeal in a foreclosure suit from an order of the court of chancery dated October 3d, 1927. The order directs that the complainant is entitled to the moneys turned into court by the receiver, amounting to the sum of $2,221.52. The claimant, the Paramount Investment Corporation, claims that so much of such sum as was collected by the receiver for rents of the premises under foreclosure, Nos. 251 and 261 Main street, East Orange, New Jersey, after November 29th, 1926, the date on which the claimant's tax certificate was recorded, to the date of redemption belongs to the claimant. The premises were sold to the claimant by the collector of taxes of East Orange for unpaid taxes on October 20th, 1926. The tax certificate issued therefor was recorded in the office of

the register of Essex county in book B-59 of mortgages, page 560, on November 29th, 1926. Nothing else was done by the claimant to collect such rents, except on the same day to notify by letter the receiver, John A. Bernhard, of that fact. The claimant bases its claim upon the statute *P. L. 1918 p. 892 § 34,* as amended by *P. L. 1926 p. 128.* The tax lienor under the statute, it is argued, is preferred over the mortgagee. This section of the statute was construed and applied by this court in the recent case of *Van Horn* v. *Huegel, 104 N. J. Law 106; 139 Atl. Rep. 28.* That case held, the recording of the certificate is not in itself and alone sufficient to recover the rents. The right to possession must be asserted in some form.

That case is directly in point. It disposes of this appeal adversely to the claimant. The order of the court of chancery is therefore affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.