The bill of complaint filed herein seeks a decree to permit complainant to redeem certain real estate from the operation of a certificate of tax sale. The cause has been submitted on a written stipulation of facts.
The single issue is whether the stipulated evidence is sufficient to establish complainant's right to redeem the property from the operation of the tax certificate. *Page 450 
The tax sale was made September 5th, 1904, for taxes assessed for the year 1903. Since the rights of the parties are governed by the law in force at the time of sale (Rogers v. Cressman,98 N.J. Eq. 209) the Tax act of 1903 (P.L. 1903 p. 394) alone need be examined.
Section 57 of that act provides:
"The owner, mortgagee, occupant or other person having an interest in the land sold for taxes, may redeem the same at any time within two years from the date of sale, or at any time thereafter until the right to redeem has been cut off in the manner hereinafter set forth, by paying," c.
The period for redemption has not been cut off in the manner referred to in the provisions of the Tax act above quoted.
The evidence discloses that a deed of conveyance for the property was made December 26th, 1861, by Joseph W. Souder and wife to Leonard S. Jones. Nothing relating to the title prior to the Jones deed is disclosed by the record herein. The stipulation touching Jones is as follows:
"6. Whether or not the said Leonard S. Jones ever divested himself of any title that he might have had to said premises by an unrecorded deed or otherwise is not known. There is, however, no deed of record by which Leonard S. Jones made a conveyance of said premises."
"14. There is no deed of the premises in question on record in said clerk's office made or given by Leonard S. Jones or his heirs to anyone."
The next conveyance disclosed is a deed dated October 28th, 1928, by Addie C. Horner and husband to "E.H. Parry;" next a deed for the premises, dated October 20th, 1902, made by Elizabeth H. Parry to Albert V. Horner; next a deed dated May 13th, 1904, from Albert V. Horner to Frank A. Windish; next a deed dated August 1st, 1904, from Frank A. Windish to Albert V. Horner; next a deed dated October 14th, 1911, from Albert V. Horner to Elizabeth R. Wills, complainant herein.
The foregoing enumerated deeds are all of record and embrace all the instruments covered by the stipulated evidence. *Page 451 
No evidence exists touching possession of the premises except a stipulation that from the date of the tax sale until his death Frank Windish, the holder of the tax certificate, was in possession of the premises, and since his death until this time his heirs at law, defendants herein, have been in possession.
The general rule in this state as stated in Troth v. Smith,68 N.J. Law 36, is that to establish a prima facie title to real estate a plaintiff in an action of ejectment who seeks to recover on a mere paper title must trace his paper title back to someone who is shown to have been in possession of the locus inquo, or failing in that, must trace his paper title back to the council of proprietors. Complainant herein has done neither. This rule is restated by our court of errors and appeals in Rollins
v. Atlantic City Railroad Co., 70 N.J. Law 664 (at p. 667), as follows: "In New Jersey the practice has always been to require that the plaintiff in an action to recover possession of land or damages for an injury to land should either show a title derived from an acknowledged owner or from an authority having power to transmit title, or should show possession by himself or by someone from whom his title comes." It is, however, held to be consistent with this rule for a plaintiff to establish a primafacie title by proving a paper title back to a person from whom defendant has taken title, since a defendant cannot deny a title under which he holds, or a title which has emanated from him.Ridgefield Park v. New York, Susquehanna and Western RailroadCo., 85 N.J. Law 278 (at p. 280); Wittke v. Wittke,102 N.J. Law 176.
It will be observed by reference to the chain of title above set forth that Frank Windish, defendants' intestate, who acquired the tax certificate, had prior thereto acquired the locus inquo by deed of conveyance from Albert V. Horner, and shortly thereafter conveyed the locus in quo to Albert V. Horner who subsequently conveyed the same to complainant. Accordingly when complainant purchased the locus in quo its record title, on which he was privileged to rely, disclosed that Frank A. Windish, defendants' intestate, had *Page 452 
theretofore not only acquired it from Horner, but had subsequently conveyed it to Horner, complainant's grantor. Obviously Windish, or his heirs, in such circumstances cannot now be heard to say that Windish's deed of conveyance, under which complainant holds, conveyed no interest in the land which it purported to convey in fee. It is essentially the same as though Windish had conveyed to complainant by deed of grant and then acquired a tax certificate, and was now seeking to defeat complainant's right of redemption by a claim in repudiation of his own grant.
The stipulation of facts, however, sets forth that the deed of conveyance from Horner to Windish was in fact made to secure a loan from Windish to Horner — in effect, a mortgage; and that the deed from Windish to Horner was made to restore the property to Horner when the loan was discharged. But it has not been either stipulated or shown that complainant purchased with a knowledge or was at that time in any way charged with knowledge of those facts. Complainant was privileged to rely upon the verity of the record of those instruments.
Defendants also call attention to the fact that while the deed from Horner to Windish is a general warranty deed, the conveyance from Windish to Horner is a special warranty deed. (Copies of these two deeds are annexed to the stipulation of facts.) That circumstances is clearly immaterial. The deed from Windish is a deed of grant; the special warranty covenant is but an incident of the grant in which the grantor covenants to defend the title only as to persons claiming under him; and an examination of the deed discloses at the end of the description of the property the following recitation:
"Being the same five lots which Albert V. Horner granted and conveyed in fee by deed dated thirteenth day of May, A.D. 1904, duly recorded in the clerk's office of Burlington county, at Mt. Holly, in book 385 of deeds, folio 26, etc., to Frank A. Windish, his heirs and assigns."
Here we find a recital by Windish that the locus in quo had been conveyed to him in fee. A recital of that nature, *Page 453 
even in a quit claim, as distinguished from a deed of grant, is operative to deny to the grantor the right thereafter to assert that he was not seized of the estate described at the time of the conveyance. Such a recitation, in so far as it shows that the parties proceeded on the theory that a particular interest was thereby conveyed, is as effectual to create an estoppel as a covenant of warranty of title. 21 C.J. 1073; Van Rensellaer v.Kearney, 11 How. (U.S.) 297 (at pp. 322, 323).
But even complainant's knowledge that the deed to Windish was to secure a loan and that the conveyance back was to restore the title would not be operative to change the views already expressed. These instruments gave sanction to the very title which complainant has acquired, and in the circumstances here stated a mortgagee may be bound by his recognition of title in his mortgagor. As to the effect of mortgagee's recognition of title of his mortgagor, see 21 C.J. 1072 and cases there collected; also Brown v. Combs, 29 N.J. Law 36, 42.
Complainant's right to redeem will be decreed to be established; a reference may be made to a master to determine the amount.