THE STATE OF NEW JERSEY, EX REL. LEWIS N. BRAD-
FORD, RELATOR, v. WILLIAM V. COUGHLIN, DE-
FENDANT.

Submitted October term, 1930—Decided May 25, 1931.

Before Justices CASE, DALY and DONGES.

For the relator, *Nathaniel A. Jacoby* (*Emil Stremlau,* on the brief).

For the defendant, *Francis A. Monaghan.*

PER CURIAM.

The relator, Lewis N. Bradford, claiming to be entitled to the office of district clerk of the board of education of the borough of Carteret, charges that William V. Coughlin, the present incumbent, unlawfully excludes him from the possession thereof. He proceeds by information in the nature of a *quo warranto* to test the right of office. The information, plea and reply raise an issue that centers around the provisions of, and the construction to be given to, section 91 of the act entitled "An act to establish a thorough and efficient system of free public schools, and to provide for the maintenance, support and management thereof." 4 *Comp. Stat., p.* 4724. The form of section 91, extant at the time of the printing of the Compiled Statutes, is to be found at page 4754.

Defendant Coughlin was appointed district clerk on or

about March 27th, 1928, for a period of three years to commence July 1st, 1928. A later and different board of education by a resolution, passed April 7th, 1930, declared the office of district clerk vacant, effective as of June 30th, 1930, and elected the relator to fill the office beginning July 1st, 1930. Those dates passed without surrender of the office by the defendant. On August 20th, 1930, the board of education passed another resolution reciting the earlier events and forthwith removing the defendant from office. The board then again elected the relator to the position. The defendant still refused to surrender the office or the records thereof and insisted that inasmuch as he was elected for a term of three years he was not removable except for cause until the expiration thereof. At the time of Coughlin's election, March 27th, 1928, the effective reading of section 91 was the amendment designated as chapter 128 (*Pamph. L.* 1927, *p.* 241), approved March 22d, 1927. It authorized the board of education to appoint a district clerk and to fix his term of employment, and further provided that no district clerk should be dismissed except for inefficiency, bad behavior or other just cause, and then only after a written charge of the cause or causes should have been preferred against him and an examination held thereon. Chapter 69 (*Pamph. L.* 1928), approved March 19th, 1928, by its terms purported to be an amended form of section 91, but this statute never was actually in force as it lacked an effective date and before the time fixed by the constitution as the effective date for legislation so situated had arrived, the legislature had passed the act next referred to.

Chapter 164 (*Pamph. L.* 1928) is entitled "An act to amend an act entitled 'An act to amend an act entitled "An act to amend an act entitled 'An act to establish a thorough and efficient system of free public schools, and to provide for the maintenance, support and management thereof,' approved October nineteenth, one thousand nine hundred and three," which amendment was approved May seventh, one thousand nine hundred and seven,' which amendment was itself approved March sixteenth, nineteen hundred and nine." This act reads in part: "Amend section ninety-one of the act to

which this act is an amendment so that it shall read as follows:" Then follow full provisions of section 91, within which is the following: "Every board of education organized under the provisions of this article shall, by the majority vote of all the members of such board, appoint a district clerk, who may be elected from among said members, and shall fix his compensation and term of employment. Said district clerk, as such, may be removed by a majority vote of all the members of said board. * * *" The act was approved April 3d, 1928, and contained this further provision: "This act shall take effect immediately."

We find that chapter 164 (*Pamph. L.* 1928) constituted the complete and authentic content of section 91 of the School law as of the times in 1930 when the board of education passed its resolutions removing the defendant from office. Counsel for defendant argues that because there is no specific repealer of the earlier statutory amendments of section 91, and particularly chapter 69 (*Pamph. L.* 1928), certain parts of those enactments remained in force. We find to the contrary. Two amendments of the same section, each of which purports to give the entire section as amended, as in this case, cannot be in force at the same time. *Vander Veer* v. *Herbert, City Collector, et al.,* 76 *N. J. L.* 173.

By chapter 164 (*Pamph. L.* 1928) the board of education had the power of removal. It exercised that power against the defendant. The relator is entitled to judgment of ouster, with costs.