JERSEY MUTUAL CASUALTY INSURANCE COMPANY, a New Jersey corporation, complainant,

*v.*

TESED REALTY COMPANY, a New Jersey corporation, defendant.

[Decided June 6th, 1932.]

*Mr. Pearce R. Franklin,* for the complainant.

*Mr. Meyer M. Semel,* for the tax lien claimant.

BACKES, V. C.

At the time of the appointment of a rent receiver in this foreclosure suit, the purchaser of a recorded tax sale certificate sought to be made a party defendant to protect his right to the rent, and was denied intervention because his tax title lien upon the mortgaged premises was superior to that of the complainant's mortgage and could not be barred by the foreclosure decree. He, however, registered his claim to the

rent, and, being in duty bound to submit to the receiver's administration, his rights are to be protected as though he had been let into possession. His possession would have been that of a mortgagee in possession with the duty of applying the rents to the reduction of his tax title lien. He is entitled to the rent, to be applied accordingly.

The complainant purchased the premises at foreclosure sale; there is a large deficiency. The receiver will pay the net sum to the tax certificate holder, and if the complainant will supplement the net sum by an amount sufficient to redeem the tax sale, the receiver will join him in the redemption.

The principles governing this ruling are stated with elaboration by Vice-Chancellor Berry in *Merchants' and Traders' Realty Co.* v. *Stern, 101 N. J. Eq. 629; 138 Atl. Rep. 697*. The decree was affirmed (*102 N. J. Eq. 290*) on the single point, that the certificate holder had not taken possession as against the receiver in possession, a point not questioned by the vice-chancellor and which it is felt cannot be equitably raised here.