Sam Forster, the complainant in a pending suit to foreclose two tax lien certificates affecting premises 16-24 William street, Newark, New Jersey, upon which certificates there is due exclusive of interest and costs approximately the sum of $30,386, petitions the court for the appointment of a receiver of rents. The petitioner alleges that the Fidelity Union Trust Company, trustee, is a mortgagee in possession of said premises and is collecting the rents therefrom but has failed to pay the taxes for the years 1939 and 1940 amounting together with interest to approximately $11,000.
Prior to the time when petitioner purchased the tax sale certificates the Fidelity Union Trust Company, trustee, filed its bill to foreclose its mortgage covering the premises and at the sheriff's sale held on December 22d 1936, became the purchaser thereof for $100. Because of objections to confirmation based on the fair value of the premises the sale was not confirmed until October 21st, 1940.
Petitioner purchased one tax sale certificate on August 30th, 1938, and the other on August 22d 1939. His application for the appointment of a receiver was noticed for October 22d 1940, and served upon the Fidelity Union Trust Company on October 16th, 1940, five days before the order confirming the sheriff's sale.
Petitioner relies upon Pyle v. Altshul, 125 N.J. Eq. 143;4 Atl. Rep. 2d 377; Jersey Mutual Casualty Insurance Co. v.Tesed Realty Co., 10 N.J. Mis. R. 700; 160 Atl. Rep. 833;Merchants' and Traders' Realty Co. v. Stern, 101 N.J. Eq. 629,633; affirmed, 102 N.J. Eq. 290, and Van Horn v. Huegel,104 N.J. Law 106; 139 Atl. Rep. 28.
In each of these cases the tax sale certificates were purchased prior to the amendment of the tax laws in 1929 (P.L. 1929ch. 169). The rights of the holders of tax sale certificates in those cases were controlled by the statutes in force at the time of the purchase of the tax sale certificates. Wills v.Windish, 106 N.J. Eq. 449; 151 Atl. Rep. 212; Rodgers v.Cressman, 98 N.J. Eq. 209; 130 Atl. Rep. 17. The statute in force at the time of the purchase of the tax sale certificates in those cases has been amended with the *Page 387 
result that the provision entitling the purchaser of a tax sale certificate to possession has been eliminated. Examination of the legislation on this subject clearly demonstrates that whatever right to possession a purchaser was given by the statute was abrogated in 1929 and such abrogation confirmed by the re-enactment of the 1929 act in the Revision of 1937.
Section 34, P.L. 1918, chapter 237, provided:
"The purchaser may record the certificate of sale in the office of the clerk or register of the county where the land lies as a mortgage of land, and thereupon shall be entitled to the immediate possession of the property sold and described in the certificate, and to all the rents and profits thereof from and after the date of record until redemption. * * *"
In 1926 the aforementioned section 34 was amended to read:
"The purchaser may record the certificate of sale in the office of the clerk or register of the county where the land lies as a mortgage of land, and thereupon shall be entitled to the immediate possession of the property sold and described in the certificate, and to all the rents and profits thereof from and after the date of record until redemption. The register of the county, or the county clerk, if there is no register, shall index such certificate in his index of mortgages in the name of the delinquent owner, as set up in the certificate, and shall also index the same in a separate block index, to be kept in said office, under the block and lot number as shown in the certificate, if the property is described by lot and block;provided, however, that purchaser at tax sale of a dwelling house occupied by the delinquent owner shall not be entitled to collect rents for such part of the dwelling house as shall be occupied by the delinquent or his immediate family until after the expiration of two years from the date of record of the certificate of sale.
"2. This act shall take effect immediately, but shall not apply to any tax sale made previous to the date of its passage or approval." (Italics mine.)
In 1929 section 34 was again amended by chapter 169 as follows:
"The purchaser may record the certificate of sale in the office of the clerk or register of the county where the land lies as a mortgage of land. The register of the county, or the county clerk, if there is no register, shall index such certificate in his index of mortgages in the name of the delinquent owner, as set up in the certificate, and *Page 388 
shall also index the same in a separate block index, to be kept in said office, under the block and lot number as shown in the certificate, if the property is described by lot and block."
Section 34 as it now appears in R.S. 54:5-50 reads thus:
"The purchaser may record the certificate of sale in the office of the clerk or register of deeds of the county in which the land is situate, as a mortgage of land. The register or county clerk, as the case may be, shall index the certificate in his index of mortgages in the name of the delinquent owner, as set forth in the certificate, and shall also index it in a separate block index, to be kept in his office, under the block and lot number as shown in the certificate, if the property is described by lot and block.
"Source. L. 1918, c. 237, Sec. 34, p. 892 (1924 Suppl. Sec. 208-444a (37)), L. 1926, c. 81, Sec. 1, p. 128, L. 1929, c. 169, Sec. 1, p. 311."
The amendment of 1929 as well as the Revised Statutes eliminate from section 34 as it appeared in the 1918 and 1926 act, the language:
"* * * and thereupon shall be entitled to the immediate possession of the property sold and described in the certificate, and to all the rents and profits thereof from and after the date of record until redemption. * * *; provided, however, that purchaser at tax sale of a dwelling house occupied by the delinquent owner shall not be entitled to collect rents for such part of the dwelling house as shall be occupied by the delinquent or his immediate family until after the expiration of two years from the date of record of the certificate of sale."
That it was this language now omitted from the statute which was the basis of the possessory right of the holder of a tax sale certificate appears from Van Horn v. Huegel, supra, where the Court of Errors and Appeals, in passing upon the right to possession, specifically referring to the provision of section34 as it appeared in the laws of 1918 (at p. 892), said: "The purchaser may record the certificate of sale in the office of the clerk or register of the county where the land lies as a mortgage of land, and thereupon shall be entitled to the immediate possession of the property sold and described in the certificate, and to all the rents and profits thereof from and after the date of record until redemption." *Page 389 
This provision is no longer part of our statutory law since 1929 and must be deemed to have been repealed by the amendments herein set forth. Bradford v. Coughlin, 9 N.J. Mis. R. 587;154 Atl. Rep. 880; Vanderveer v. Herbert, 76 N.J. Law 173. Cf.Gartner v. Cohen, 51 N.J. Law 125; 16 Atl. Rep. 684; Devlin v.Cooper, 124 N.J. Law 155; 11 Atl. Rep. 2d 29; State v.Czarnicki, 124 N.J. Law 43; 10 Atl. Rep. 2d 461.
"The * * * rights of the holders of such municipal liens arise solely out of and are fixed and determined by the Tax act."Absecon Land Co. v. Keernes, 101 N.J. Eq. 227;137 Atl. Rep. 429.
Nor is there merit in petitioner's contention that becauseR.S. 54:5-50 permits the purchaser of a certificate to record the same as a mortgage of land that such recordation of the certificate translates the same into a mortgage when it never had such attributes before. This provision is merely a method designed by the legislature for the recording of the certificate so that purchasers and mortgagees may have notice of the existence thereof. That this is so appears clearly from the next sentence reading: "The register or county clerk, as the case may be, shall index the certificate in his index of mortgages in the name of the delinquent owner, * * *." And the next section R.S.54:5-51 provides that when the certificate of sale is not made to the municipality, "it shall, unless so recorded within three months of the date of sale, be void as against a bona fide
purchaser, lessee or mortgagee whose deed, lease or mortgage is recorded before the recording of the certificate." This provision (R.S. 54:5-50) therefore simply permits recording to protect the holder of the certificate but it does not transmute a statutory lien into a mortgage and give the holder of the certificate all the rights and remedies that a mortgagee would have.
The statute does not confer the right of possession upon the petitioner and in the absence of a possessory right the court will not appoint a receiver. "The appointment of a receiver is an equitable substitute for entry into possession at law."Continental Bank, c., New York v. Fulton Realty *Page 390 Co., 10 N.J. Mis. R. 1105; 162 Atl. Rep. 560; Stewart v.Fairchild-Baldwin Co., 91 N.J. Eq. 86; 108 Atl. Rep. 301.
Even if it could be said that petitioner's tax lien certificates have all of the attributes of a mortgage, the petitioner would not be entitled to the appointment of a receiver to collect rents. The petition states that unless the "rents due and to grow due from the said premises are applied toward the payment of taxes, his investment will be seriously jeopardized." This is a conclusion not supported by any statement of fact. The proof uncontradicted is that in the proceeding in this court on objection to confirmation of sale, the fair value of the property was determined to be $160,000 as of December 22d 1936, which value is many times the amount due on the petitioner's certificates and subsequent taxes amounting approximately to $45,000.
 Petition dismissed. *Page 391