**UNITED STATES v. 7.41 ACRES OF LAND IN CITY AND COUNTY OF CAMDEN, N. J., et al.**

**No. M 553a.**

District Court, D. New Jersey.

Oct. 29, 1945.

Theodore T. French, of Camden, N. J., per se, and for Sadie Sablosky, Eda J. Heaton, Florence Sablosky, Ethel C. McGuirk, Florence Howard Loveland, Caroline Elizabeth Bowen, William Collins

French, Jr., Genevieve Adelaide Bennett, and attorney in fact for Woodrow Wilson French.

Isadore H. Hermann, of Camden, N. J., for City of Camden.

Walter D. Van Riper, Atty. Gen., of New Jersey by Robert Peacock, of Mount Holly, N. J., for State of New Jersey.

W. Louis Bossle, of Camden, N. J., for Emma L. Barclay, executrix, of Walter C. Barclay.

FORMAN, District Judge.

On November 2, 1942, a petition was filed in this court on behalf of the United States to condemn the premises described therein consisting of certain vacant acreage in the City of Camden, New Jersey, for the "term of one year beginning on the day of the filing of this petition with the right to renew from year to year upon thirty days' notice."

The petition was based upon the certificate of necessity of the United States Maritime Commission that the exclusive use and occupancy of the property in question was imperatively and immediately required by the exigencies of national defense to be used in connection with the construction of sea going vessels. It was alleged to be filed under authority of Title II of the Second War Powers Act, 1942, 50 U.S.C.A.Appendix, § 632; the Act of Congress known and described as Public Law 247, 77th Congress, approved August 25, 1941, 55 Stat. 669; and the Act of Congress known and described as Public Law 474, 77th Congress, approved March 5, 1942, 56 Stat. 128.

On November 6, 1942, an order was made by this court which gave exclusive possession of the lands described in the petition to the United States.

On July 29, 1943, a notice was given by the United States that on August 14, 1943, it would move to amend its petition in condemnation so that the term for which the land was acquired would terminate on June 30, 1944, and to substitute the Navy Department as the acquiring agency instead of the United States Maritime Commission. The file in the case discloses that the United States Marshal served Eda J. Heaton with a copy of the notice on August 4, 1943, but his attempt to serve Ethel C. McGuirk, Florence Sablosky and Sadie Sablosky on August 3, 1943, failed because he was unable to find them in this district.

On August 14, 1943, an order was entered by this court amending the petition of November 2, 1942 in accordance with the foregoing application.

On August 1, 1944, the United States filed another notice that it had elected to extend its occupancy to December 31, 1944.

On October 27, 1944, the City of Camden filed a petition in which it set out in detail that it was the holder of two tax certificates covering the lands in question and that there were taxes due to it in the sums stated therein. It further alleged that pursuant to Chapter 54, New Jersey Laws of 1942, as amended by Chapter 144, New Jersey Laws of 1943, N.J.S.A. Title 54:5-53.1, the City of Camden was entitled to the immediate possession of the lands acquired by the United States in these proceedings and to all the rents and profits thereof.

On November 20, 1944, the United States gave notice that it would apply to the court for the appointment of condemnation commissioners to fix an award of reasonable compensation for the property for the term for which it had acquired it. The notice was addressed to the following: Genevieve Adelaide Bennett, William Collins French, Jr., Theodore T. French, Caroline Elizabeth Bowen, Florence Howard Loveland, Woodrow Wilson French, Ethel C. McGuirk, Florence Sablosky, Sadie Sablosky, Eda J. Heaton, the State of New Jersey, Henry Sherman and Benjamin Sleeper trading as Sherman & Sleeper, and the City of Camden.

Service of the notice was made upon all parties in interest except Ethel C. McGuirk, Florence Sablosky and Sadie Sablosky. The notice of the application was also advertised.

On January 9, 1945, the United States filed notice that it again elected to extend the term of its occupancy for a further period to terminate June 30, 1945.

Condemnation commissioners were appointed and awarded the sum of $19,100 as just compensation for the period from November 6, 1942, to June 30, 1945, upon a monthly rental of $600. This award was affirmed by the court on June 22, 1945. The sum of $19,100 was deposited in the registry of this court on July 16, 1945.

No controversy arises concerning the adequacy of the award for practically all of the interested parties have indicated by stipulation or letter that the sum mentioned above was satisfactory.

It is conceded that the record title to the premises is held as follows: Eda J. Heaton, undivided one-third interest; Ethel C. Mc-Guirk, Florence Sablosky and Sadie Sablosky, each holds an undivided one-ninth interest; Genevieve Adelaide Bennett, William Collins French, Jr., Theodore Tilden French, Caroline Elizabeth French (now Bowen), Florence Howard French (now Loveland), and Woodrow Wilson French are each entitled to an undivided one-eighteenth interest under the last will and testament of William C. French.

On July 27, 1945, the City of Camden filed a second petition reiterating that it was the holder of two tax certificates of tax sales covering the premises in question, both of which were duly recorded. It also set forth a statement of taxes due to it totalling in the aggregate the sum of $75,-028.93 to June 30, 1945. Upon this petition an order was made directing that cause be shown why the sum of money deposited in the registry of the court should not be paid to the City of Camden on account of its taxes. The order was made returnable September 14, 1945.

Meanwhile on July 19, 1945, notice was given by Eda J. Heaton, Estate of John J. McGuirk, Abe Sablosky and the Estate of William C. French and the heirs thereof that on September 28, 1945 they would apply to the court for an order granting to them as the owners of the land in question the fund on deposit in the registry of the court.

On September 10, 1945, the State of New Jersey filed a notice that on September 28, 1945, it, too, would apply for an order granting to it so much of the money as would be required to satisfy two judgments obtained by it in the New Jersey Supreme Court on August 13, 1943, and March 13, 1944, respectively, against John Heaton and the Estate of William C. French. It also claimed the fund on the ground of a purported attachment which it claims to have made upon the funds in the registry of the court upon any right, title or interest which Abe Sablosky or John S. McGuirk may be adjudged to have in the said moneys.

The argument on the order to show cause obtained by the City of Camden returnable September 14, 1945, was continued until September 28, 1945, so that all of the issues raised could be heard at the same time. On the latter date Emma L. Barclay appeared and asked leave to intervene as the executrix of Walter C. Barclay so that she could attach the fund in this court for any interest that Eda J. Heaton may have in it by virtue of a writ of attachment which had issued out of the New Jersey Supreme Court at her suit against Eda J. Heaton and John H. Heaton.

Thus we are confronted with four sets of claimants against the fund deposited here: (1) The claim of the City of Camden to the entire award because it took possession of the premises as the holder of two tax sale certificates; (2) the claims of Eda J. Heaton, the estate of John J. McGuirk, the estate of William C. French, and Abe Sablosky as the purported owners of the premises to the entire fund; (3) the claim of the State of New Jersey to $10,-892.04 plus interest because of judgment liens it holds against John Heaton, dated August 13, 1943, and against the estate of William C. French, obtained on March 13, 1944, also because of an attachment it made upon whatever right, title or interest Abe Sablosky or the estate of John S. McGuirk might have in the award deposited in the registry; and (4) the claim of Emma L. Barclay as executrix under the last will and testament of Walter C. Barclay who seeks leave to attach the right, title or interest of what may be awarded to Eda J. Heaton.

If the contention of the City of Camden is sound it will resolve the major issue and likewise dispose of the entire fund in the registry.

The City of Camden was the purchaser and is the holder of two tax sale certificates duly recorded in the office of the Register of Deeds of Camden County for the premises the subject matter of this proceeding. Certificate No. 1537, dated August 14, 1930, covers the premises described as "Fourth St., N.E. Corner of Milton St., River Front 495 x 192.7 feet, and recorded in the Office of the Register of Deeds of Camden County in Book 363 of Mortgages, Page 184 &c," for the non-payment of taxes for the years 1926 to 1929, inclusive. Certificate No. 4239, dated October 3, 1934, covers the premises described as "North East Corner Third and Milton Streets, 475 x 329 feet, and recorded in the Office of the Register of Deeds of Camden County in Book 410 of Mortgages, Page 58," for the non-payment of taxes for the years 1932 and inclusive of the first half of 1934. The amount due on these two tax certificates, together with subsequent taxes and interest computed to June 30, 1945, totals $75,028.93.

The facts concerning the claim of the City of Camden for taxes are not disputed.

The New Jersey Legislature, by its Act of 1942, as amended in 1943, L. 1942, c. 54, p. 292, § 1, as amended L. 1943, c. 144, p. 393, § 1, N.J.S.A. 54:5–53.1, provided, among other things, that whenever a municipality had become the purchaser of any lands at a tax sale, the certificate of which had been recorded, it was entitled to immediate possession of the property and all rents thereof which when collected, were to be credited on account of the total amount of taxes due under the certificate and for subsequent taxes.

Under the earlier statutes in New Jersey which authorized the purchaser of a tax sale certificate (municipality or private individual) to take possession of the premises and collect rent his rights were construed to be similar to the rights of a mortgagee after default. Merchants & Traders' Realty Co. v. Stern, 101 N.J.Eq. 629, 138 A. 697, affirmed 102 N.J.Eq. 290, 140 A. 390. Cf. Price v. Armstrong, 14 N.J.Eq. 41; Stewart v. Fairchild-Baldwin Co., 91 N.J. Eq. 86, 108 A. 301; Stanton v. Metropolitan Lumber Co., 107 N.J.Eq. 345, 152 A. 653; Bermes v. Kelley, 108 N.J.Eq. 289, 154 A. 860. In such case the tenant had to first attorn to the mortgagee before he could collect the rents accruing. N.J.S.A. 46:8-1; Del-New Co. v. James, 111 N.J.L. 157, 167 A. 747; A. Fink & Co., Inc., v. John Huss Co., 195 A. 816, 16 N.J.Misc. 31. However, such rights of a tax sale certificate holder to take possession and collect rents were held to be repealed by N.J.S.A. 54:5–50. Forster v. Davenport, 128 N.J.Eq. 385, 16 A.2d 614.

The possession contemplated under N.J.S.A. 54:5-53.1 is a constructive one, as contra-distinguished from actual possession which a municipality would have the right to take by a writ of assistance after foreclosure of the right of redemption under a tax sale certificate. The municipality, however, can only exercise its right to take immediate possession of the premises, under this statute, when they are income producing. Then it may receive the rents and profits, apply them to the payment of the delinquent taxes and give the owner an accounting thereof. To this extent it is clothed with the same powers as a receiver. A tenant has no election but to attorn.

Our attention has been called by the claimants to the case of Van Horn v. Huegel, 104 N.J.L. 106, 139 A. 28, 29, wherein it was held that a private person holding a tax sale certificate was entitled to possession of the premises at any time, but that he was not entitled to the rents until he asserts that right in some form. In that case the property involved was an apartment house and the court held that the right could be asserted by "giving the tenants notice of that fact, with a statement that he has bought the property at a tax sale and recorded the certificate in compliance with the statute and that he demands the rents of the premises * * *."

In Baldauf v. Mann, 86 N.J.L. 460, 92 A. 276, 277, the courts held that a purchaser of a tax sale certificate was entitled to rents by making demand therefor upon the tenant and that no notice was required to be given to the owner because "The owner would seem to be charged with notice that he owes his taxes, and with notice of sale if they are unpaid, and by virtue of the recording acts he would seem to be also charged with notice of the record of the certificate of sale as a mortgage and the resulting right of the purchaser thereunder to the rents."

The statute under which the court acts to determine who are the persons entitled to receive payment of the fund deposited provides that "The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes * * * and other charges * * * as shall be just and equitable." 40 U.S.C.A. § 258a. The phrase "just and equitable" is to be applied to all the parties in interest as their respective rights may appear.

In the instant case, the premises were unoccupied lands. The United States took possession of them on November 6, 1942 by virtue of an order of this court pursuant to the Second War Powers Act. This act provided that "Upon or after the filing of the condemnation petition, immediate possession may be taken and the property may be occupied * * *." 50 U.S.C.A.Appendix § 632. No formal notice of the application for immediate possession was given to anyone. None was required. Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135. The first formal notice given to the city of the occupancy of the premises was on November 27, 1944, two years after the occupancy by the government. This notice was in connection with an application for the appointment of commissioners to fix the just compensation for the use and

occupancy of the premises. However, the city was apprised in the early part of 1943, in an informal way, that the premises were being occupied by the United States. On January 8, 1943, the chief counsel of the tax lien bureau of the City of Camden wrote the attorney for the government:

"As per telephone conversation had with you the other day, I called you to advise that the City of Camden has two tax sale certificates outstanding against the above parcels [the premises the subject mattter of the suit] * * *. I respectfully call your attention to Chapter 54, New Jersey Laws of 1942, R.S. Cumulative Supplement 54:5–53.1 which provides that where a municipality is the holder of a tax sale certificate, such municipality shall be entitled to immediate possession of the property from and after the date of the recording of the tax sale certificate. Under the circumstances, the City would be entitled to any monies paid as rental under the condemnation proceedings instituted by the Government."

Again this demand by letter upon the part of the city was formalized to some extent by the filing of its first petition in this court on October 17, 1944.

The objection is made by the claimants that these assertions by the city did not constitute a sufficient demand or act of taking possession as to entitle it to claim the award.

■ This letter of January 8, 1943, was an assertion by the city of its right to whatever rent was to be awarded under the condemnation proceedings. It gave the government (tenant) notice that it was the holder of two tax sale certificates; that they were duly recorded; that the city was entitled to immediate possession and any rents to be awarded. At the time the letter was written there could have been no other demand made for rent. The government was in possession of the premises under the court order of November 6, 1942, which allowed it to occupy and use the premises without fixing or providing for payment of rent. The question of rent was not disposed of until June 22, 1945, when the commissioners' report was approved by this court. Thereafter, on July 16, 1945, the government paid into the registry the compensation awarded. This was not the ordinary situation where the land was occupied by a private tenant to whom the city could have sent its collector to demand possession and rent. Such pro-

cedure was thwarted by the exercise of the United States of its right of eminent domain. The city was powerless to do more than to assert its position in some such form as it utilized. The just compensation paid by the United States for the use and occupancy of the premises is the equivalent of rent. United States v. General Motors Corporation, 323 U.S. 373, 65 S.Ct. 357, 156 A.L.R. 390. It is only equitable that the same advantages designed by the New Jersey Legislature for its municipalities should be preserved for the City of Camden under the circumstances of condemnation in this case, as would have been its right had the premises been occupied by a private rent paying party. The letter of the city was adequate demand for possession and the rent.

■ A further objection is made that should the letter be held to be adequate it could only be effective to compel the payment of rent to the city to begin as of its date, viz., January 8, 1943. Since the rental commenced November 6, 1942, under the award and was at the rate of $600 per month it is urged that under no circumstances could the city be entitled to the rental which accrued from the period of November 6, 1942, to January 8, 1943, which would amount to approximately $1200. Neither can we agree with this contention. Such technical compliance with the requirement of demand, possession and attornment by the tenant might have had some application in the case of the ordinary tenant in occupancy as against the right of a private purchaser of a tax sale certificate prior to Forster v. Davenport, supra. Here the City of Camden is the beneficiary of special legislation designed by the Legislature of New Jersey to protect its municipalities. Reasonable alertness by the city in prosecuting its right is all that can be required. Under the precipitate condemnation procedure permitted the government because of the exigencies of the national defense in time of war it was authorized to take this land by virtue of an ex parte order without any notice. Before any formal notice came to the City of Camden of the proceedings and the taking and approximately only two months thereafter it made its position clear by its letter to the government and its subsequent petition to the court. It did not "sleep on its rights" but acted with all speed which could be expected under the circumstances with which it was confronted. Therefore it is

entitled to have its demand considered to be made as of the date the rental began, namely, November 6, 1942.

It must be recognized that this fund does not represent an award for the taking of the fee simple of the lands in question. It is rent. The State of New Jersey in attempting to assert a lien of its judgments upon and to attach this fund, acted in point of time after the right of the City of Camden had become fixed by its letter of January 8, 1943. No further consideration, therefore, need be given to the arguments raised by the State of New Jersey that it has a paramount lien.

None of the other claimants have any priority over the right of the City of Camden and since we are of the opinion that it is entitled to the entire fund their claims require no further discussion.

An order will be made discharging the order to show cause issued on the petition of Eda J. Heaton, Estate of John J. McGuirk, Abe Sablosky and the Estate of William C. French, denying the applications of the State of New Jersey and Emma Barclay as Executrix of Walter C. Barclay and directing that the clerk of this court shall pay the sum of $19,100 deposited in the registry in this cause to the City of Camden.