98 N.J. Super. 583 (1968)
238 A.2d 193
GEORGE B. BREWER, SARA H. BREWER DOWNING, FREDERICK W. BREWER AND GERTRUDE BEE BREWER, PLAINTIFFS-APPELLANTS,
v.
ALONZO PORCH, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1967.
Decided January 22, 1968.
*585 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Gerald W. Conway for appellants (Messrs. Schreiber & Lancaster, and Mr. David L. Horuvitz, attorneys).
Mr. Louis B. LeDuc for respondent (Mr. Herbert H. Butler, attorney).
PER CURIAM.
The background circumstances and issues involved in this case have been stated adequately in the opinion rendered for the Chancery Division as reported in Brewer v. Porch, 93 N.J. Super. 66 (1966), and will not here be repeated.
We affirm the judgment rendered for the defendant in the Chancery Division but not entirely for the reasons given in the opinion referred to.

I
We refer first to plaintiffs' contention that the provision in N.J.S.A. 54:5-78 by which the owner's right of redemption *586 from a tax sale is barred if not exercised "within twenty years after the purchaser [at the tax sale] has entered into open possession, since continued, under the sale * * *" was impliedly repealed in 1929 by the Legislature. Reliance is had on the fact that at that time the source act of 1918 (chapter 237) was amended (L. 1929, c. 169) in respect of section 34 (now N.J.S.A. 54:5-50) to exscind the previous provision therein that the purchaser at a tax sale might take possession of the lands and receive the rents and profits thereof. It is argued that the failure of the Legislature at the same time also expressly to exscind that portion of section 47 of the source act (identified above as present N.J.S.A. 54:5-78), which bars the right of redemption after 20 years of "open possession" by the purchaser, was an oversight which should now be remedied by the judicial conclusion of implied repealer by operation of the 1929 legislative excision noted above. It is further stressed that the right of possession on the part of a tax sale purchaser was subsequently explicitly recognized by the Legislature, but only in favor of municipalities as such purchasers, and then only on the conditions that the certificate be recorded and that all rents and profits be credited against the amount due upon the tax sale certificate and subsequent taxes. N.J.S.A. 54:5-53.1 (L. 1942, c. 54).
There can be no doubt that under the tax foreclosure statutes as they now stand there is no affirmative statutory sanction for the entry into possession of a private purchaser of a tax sale certificate. Thus, such a purchaser is not entitled to a rent receiver as against a foreclosing mortgagee in possession, Forster v. Davenport, 128 N.J. Eq. 385 (Ch. 1940); nor to reimbursement by a redeeming owner for expenditures on repair of real estate if he does enter into possession, Nelson v. Naumowicz, 1 N.J. 300 (1949). Such an entering purchaser is, moreover, liable for use and occupation of the premises to a redeeming owner. Diamonde v. Berkeley Township, 142 N.J. Eq. 140 (Ch. 1948). But we are of the opinion, nevertheless, that the deletion of affirmative *587 authorization for entry into possession by a tax sale purchaser by L. 1929, c. 169, cannot properly be regarded as a basis to conclude that section 47 of L. 1918, c. 237 (N.J.S.A. 54:5-78) was thereby impliedly repealed.
Implied repealers are not favored in the law. Department of Labor and Industry v. Cruz, 45 N.J. 372 (1965). It has been stated that the legislative purpose to repeal by implication must be free from all reasonable doubt. Swede v. City of Clifton, 22 N.J. 303, 317 (1956). The present absence of an affirmative statutory basis for entry into possession by a private purchaser of a tax certificate is not necessarily inconsistent with an actual legislative intent that if such a purchaser enters and continues in open possession under the sale for 20 years while the holder of the right of redemption sits by and takes no steps to redeem, the right of redemption will be barred. There is the ready analogy of one having no right of possession being able to convert his originally wrongful act of taking possession into impregnable title by adverse possession if the ousted rightful owner takes no remedial action for the statutory period and the nature of the taking and continuation of possession of the usurper is of the legally requisite qualities. See Predham v. Holfester, 32 N.J. Super. 419, 427 (App. Div. 1954).
We therefore agree with the holding below that N.J.S.A. 54:5-78, never expressly repealed, continues in full force and effect, but do not approve anything in the opinion of the Chancery Division indicating that that conclusion is inconsistent with the holdings in Forster v. Davenport, supra, and the other cases cited above which follow it, as to the absence of a primary right of possession on the part of the purchasers of a tax sale certificate.

II
We are in essential accord with the reasoning of the trial court in holding that the effect of N.J.S.A. 54:5-78 in barring the right of redemption applies as well to the *588 20-year possession of the assignee of the purchaser at the tax sale as to that of the original purchaser. 93 N.J. Super., at pp. 73-74. This also applies to the argument that whatever defendant's rights may have been as a result of N.J.S.A. 54:5-78, they have been lost by virtue of N.J.S.A. 54:5-114.5 as a result of the failure of defendant to have foreclosed his certificate within two years of confirmation of the tax sale. Id., at p. 74.

III
The trial court decided it was unnecessary to deal with plaintiffs' contention that to have the effect of barring the right of redemption under N.J.S.A. 54:5-78, the nature of the possession taken and exercised by the purchaser must be technically of the quality required to establish "adverse possession," within the well-settled judicial interpretation of the statutes of limitation, N.J.S. 2A:14-6, 7; cf. 2A:14-30, 31, i.e., "actual and exclusive, adverse and hostile, visible and notorious, continued and uninterrupted." The trial court found that defendant's possession had all these qualities. 93 N.J. Super., at pp. 75-76.
We prefer to take the approach that the Tax Foreclosure Act should be taken to mean no more than it says when it requires entry into "open possession, since continued, under the sale." N.J.S.A. 54:5-78. The conventional adverse possessor may enter and continue in possession under a variety of circumstances ambiguous in reflecting his purpose. The requirement of the eight adjectives noted above, especially "hostile," is consequently designed to flag to the true owner the necessity of taking timely legal action to eject the possessor. A.J. and J.O. Pilar, Inc. v. Lister Corp., 22 N.J. 75, 81 (1956). But one who takes and continues in "open possession" as purchaser under a tax sale may well be deemed, on the other hand, to have been thought by the Legislature, when enacting N.J.S.A. 54:5-78, to be affording sufficient notice thereby to the owner in default of taxes *589 of the nature and origin of his possession and of the latter's consequent risk of losing the right of redemption. We see no reason to import into this particular enactment the characteristically litigious litany of the eight adjectives in place of the simple, literal language of the statute as it stands.
Defendant under the evidence here was clearly in open and continuous possession of the property for over 20 years by actively farming it; and there is no doubt his possession was under the certificate when it extended, as it did, to the whole tract encompassed thereby, whereas prior to the purchase his tenancy was of only a small portion thereof.
Judgment affirmed.