[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 412 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 413 
This is a suit to foreclose a certificate of tax sale. The facts have been stipulated. The property involved is known as 94 East State Street, Camden, New Jersey, and consists of a lot of land on which is erected a two-story brick dwelling house. It was sold to the City of Camden for delinquent taxes for 1928 to 1933 inclusive, amounting, with costs, to $460.39, on March 21, 1934, and the certificate of sale was duly recorded in the office of the register of deeds of Camden County. At that time the defendant Roberta Morris Rossiter was the record owner of the property, and she still is such owner. In July, 1936, the City of Camden entered into possession of the premises and it is stipulated that up until February 19, 1946, the city collected rents therefrom which, with interest thereon, amounts to $2,221.38, against which the city is entitled to a credit for taxes in the sum of $1,624 and for interest in the sum of $597.38, or a total credit of $2,221.38, the exact amount collected. While the coincidence of amounts seems strange, such is the stipulation. On the latter date, the city assigned said certificate to the plaintiff W. Lincoln Taylor, who then paid the city $1,066.24 which it claimed to be due for unpaid taxes, etc., including the first quarter of 1946. During the period that the City of Camden was in possession it expended for necessary repairs to the property the sum of $882.52. Of this sum $525.32 was expended after May 2, 1942, the effective date of chapter
54, P.L. 1942 which restored to municipality-purchasers *Page 414 
at tax sale the right of possession which existed under chapter
237, P.L. 1918, sec. 34, p. 892, but which right was abolished by chapter 169, P.L. 1929 (R.S. 54:5-50). SeeForster v. Davenport, 16 Atl. (2d) 614, 616; Taylor v.Borgfeld, 50 Atl. (2d) 654. Also, of this sum of $882.52, $269.65 was expended after October 10, 1939, the effective date of chapter 362, P.L. 1939, p. 870 (the "Stout Act) which gave a municipality the right to apply to the Court of Chancery for the appointment of a receiver to collect rents of properties on which taxes were more than six months in arrears. Under that act a receiver so appointed could, by order of the court only, apply rents to expenses such as necessary repairs; but in the instant case no application for the appointment of such a receiver was made by the City of Camden. Consequently, the possession of the city during this period was not by statutory authority. The balance, or approximately $88.00, was expended between July, 1936, and October 10, 1939, and of course, during this period there was no statutory authority for possession or expenditures for repairs. The rights of holders of municipal liens arise solely out of and are fixed and determined by statute. Absecon Land Co. v. Keernes, 101 N.J. Eq. 227, 231;Forster v. Davenport, supra; Reconstruction Finance Corporationv. Haag, 40 Atl. (2d) 801, 803; Taylor v. Borgfeld, supra.
After the assignment of the certificate of tax sale to the complainant on February 19, 1946, he went into possession and collected rents up to and including March 9, 1948, to the amount of $432, but made no expenditures for repairs. He concedes the defendant owners right to a credit of this amount on taxes paid or assumed by him.
The defendant Roberta Morris Rossiter, the record owner of the premises here involved, answered the complaint denying that there was anything due the plaintiff, and filed a counterclaim against him and the City of Camden wherein she demanded an accounting of the rents and profits of said premises collected by them since the date of said tax sale. Such accounting is included in the stipulation of facts. *Page 415 
The sole issue here involved is whether or not the City of Camden is entitled to credit in its account for monies spent out of rents collected for necessary repairs. Assuming that it is entitled to such credit, the amount due it for delinquent taxes and interest on February 19, 1946, the date of the assignment to the plaintiff, was $1,066.24, which is the amount paid by him to the city for such assignment. Since that date, the plaintiff has paid for taxes and interest the sum of $183.76 and has collected $432 in rents, $248.24 in excess of taxes paid.
The rights and duties of a holder of a certificate of tax sale in possession of the premises affected thereby are similar to those of a mortgagee in possession. Stewart v.Fairchild-Baldwin Co., 91 N.J. Eq. 86; Merchants' Traders'Realty Co. v. Stern, 101 N.J. Eq. 629, affirmed 102 N.J. Eq. 290; City of Asbury Park v. Ehrlich, 25 N.J. Misc. R. 367. And the duties of a mortgagee in possession are those of a prudent owner. Merchants' Traders' Realty Co. v. Stern, supra;City of Asbury Park v. Ehrlich, supra, and cases cited.
Under the statutes and decisions above referred to I have no hesitancy in saying that the City of Camden is entitled to a credit against rents collected of that portion of its expenses for repairs incurred after May 2, 1942, the effective date ofchapter 54, P.L. 1942, which amounts to $525.32; and that the defendant owner is entitled to a credit of $248.24 representing the excess of rents collected by the plaintiff over taxes and interest paid by him. This credit of $525.32 to which the city is entitled leaves the sum of $540.92, the balance of the sum of $1,066.24 after such credit, subject to adjudication. It is clear that there was no statutory authority for the expenditure of that amount, but it is argued that it is the public policy of this State to permit such expenditure by a municipality in possession under a certificate of tax sale. The answer to that is that the right of possession of such a municipality as it existed under the 1918 Tax Act was taken away by chapter 169, P.L. 1929, and this act of the Legislature indicates a contrary policy. The question then is, whether one wrongfully in possession who collects rents is justified in applying such rents to the payment of the cost of necessary repairs without which *Page 416 
the rents might not have been collected. This question should be governed by the principles applicable to a constructive trustee, or an administrator or executor de son tort. Without a doubt, the city became a constructive trustee of the premises when it unlawfully entered into possession. A trustee (constructive or otherwise) is under a duty to protect the trust property by paying taxes thereon and to expend trust funds or the income therefrom in keeping the buildings in repair. 2 Scott onTrusts, 174, 176; his duties are much the same as those of a mortgagee in possession, i.e., of a prudent owner. Also, his duties and liabilities are analogous to those of an administrator or executor de son tort, who is subject to all the liabilities of an ordinary administrator or executor without being entitled to any of his privileges. "He may use proper means to protect the assets of the estate, and may recover necessary expenses incurred, but is not entitled to commissions for his services." 34 C.J.S., Title Executors and Administrators, sec. 1065. And, see, Restatement, Trusts, vol. 1, sec. 245, sub-sec. 2,p. 758, and Comment, p. 760, which reads as follows:
"c. Benefit conferred. If the trustee exceeds his powers in incurring an expense and thereby confers upon the trust estate a benefit, the trustee is ordinarily entitled to indemnity to the extent of the value of the benefit conferred. If such indemnity were not allowed, the beneficiary would be unjustly enriched at the expense of the trustee."
Also, see De Concillio v. Brownrigg, 51 N.J. Eq. 532.
The stipulation of facts is silent on a number of points, but as the tax sale was in 1934 and the city took possession in 1936, and it or its assignees continued in possession until the bill to foreclose the tax certificate was filed, the inference that such possession was with the knowledge and acquiescence of the defendant counterclaimant is justifiable. Even a mere trespasser who applies rents for the benefit of the owner may be excused of his trespass by the owner's acquiescence. Hendrickson v. Dwyer,70 N.J. Law 223. And, as the defendant owner here has received full credit for all of the income from the property, either by application to the payment of taxes as they accrued or to the cost of repairs, I can not see where she *Page 417 
has any cause for complaint. No damage has resulted to her by reason of such possession by the city and its assignee — on the contrary, she has been benefitted. It is also a justifiable inference that the city took possession in good faith believing it had the right to do so, and, as it was the holder of the tax title, such entry into possession was under some color of right. I have no doubt but that the City of Camden officials believed they were acting pursuant to a legal right. True, the statute giving such right of possession had been repealed, but evidently the officials in charge of this affair were ignorant thereof. While technically the city and its assignee were trespassers, there was no wilful or intentional wrong done by either, and the defendant owner has not been harmed. We may also justifiably infer, from the circumstances, that in 1936, and for some time thereafter, the owner thought the value of the property did not justify her in redeeming it, and that in view of a better real estate market today she has concluded that its redemption will be profitable, especially if she can saddle on the city the expense of the repairs thereto which were evidently necessary to insure an income therefrom. After all, this is a court of equity, and the defendants seeking equity by way of redemption, must do equity, and no less than full compensation for such repairs will do equity to the city.
I am also of the opinion that the defendant-counterclaimant, Roberta Morris Rossiter, is guilty of laches in not having taken proceedings for re-possession of the premises during the time she alleges the City of Camden was in unlawful possession. It is too late now for her to complain. She stood by for 12 years, without objection, while the challenged expenses were incurred by the city for the benefit of her property, although she must have known that the city was in possession and collecting the rents. To grant her the relief she now asks will unjustly enrich her at the expense of the city.
The counterclaim against the City of Camden will be dismissed, but counterclaimant is entitled to a judgment allowing her a credit of $248.24, being the excess of rents over taxes paid by him, on the amount of $1,066.24 which he paid to the City of Camden for the assignment of the certificate of tax *Page 418 
sale. The amount which the defendant owner will be obliged to pay the plaintiff for redemption is $818.00, plus taxes paid by him in addition to those shown in the stipulation, and minus additional rents collected.
Judgment will be entered accordingly.