124 N.J. Super. 5 (1973)
304 A.2d 567
THE CITY OF NEWARK, PLAINTIFF-APPELLANT,
v.
SUE CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 2, 1973.
Decided May 8, 1973.
*6 Before Judges LORA, ALLCORN and HANDLER.
Mr. Irving R. Venokur argued the cause for appellant (Mr. William H. Walls, attorney).
Mr. Walter R. Cohn argued the cause for respondent (Messrs. Cohn & Turk, attorneys).
*7 PER CURIAM.
The City of Newark appeals from a decision of the County Court, 121 N.J. Super. 205, reversing municipal court convictions of defendant Sue Corporation. The offenses charged were violations of municipal ordinances in four separate complaints. These pertained to defendant's failure as the owner of a six-family frame dwelling to keep the premises in good repair and structurally sound and free from defects and deterioration; in permitting the building to remain vacant, unoccupied and in not securing it from fire, vandalism and the like, and in having the premises in a dangerous and hazardous condition.
The city contends on this appeal that a municipality in temporary possession of premises by virtue of N.J.S.A. 54:5-53.1 for the purpose of collecting rents to apply to past due taxes is not responsible for the upkeep of the building and that there is no duty or responsibility upon such a municipality to make repairs to premises held under a tax sale certificate or under N.J.S.A. 54:5-53.1.
The city purchased tax lien certificates at the tax sale of the premises, which were recorded on November 9, 1967. In September 1969 the city tax collector commenced collecting rents from the tenants to be credited on taxes, assessments and other municipal charges. In May 1971 the last of the tenants moved out and the building became vacant. Each of the complaints charges that the violations occurred in September 1971.
When a municipality becomes the holder by purchase of such a certificate which is recorded, it becomes entitled to the "immediate possession of the property sold and described in the certificate and to all rents and profits thereof while the holder thereof, until redemption * * *." N.J.S.A. 54:5-53.1. A tax sale certificate is not an outright conveyance and does not constitute a final and irrevocable divestiture of the title of the fee owner. Brewer v. Porch, 53 N.J. 167 (1969); Chelsea Laundry Co. v. Toscano, 14 N.J. Super. 496 (App. Div. 1951). The rights and duties of a holder of a certificate of tax sale in possession *8 of the premises affected thereby "are akin to those of a mortgagee in possession." Clark v. Jersey City, 8 N.J. Super. 33, 37 (App. Div. 1950). "The duties of a mortgagee in possession are those of a prudent owner." Taylor v. Morris, 1 N.J. Super. 410, 415 (Ch. Div. 1948); Asbury Park v. Ehrlich, 25 N.J. Misc. 367, 54 A.2d 118 (Cty. Ct. 1947). A mortgagee in possession may be liable to third persons for negligence in connection with the property, and is, therefore, under a duty to keep such premises properly repaired and maintained. Zanzonico v. Zanzonico, 2 N.J. 309 (1949); Scott v. Hoboken Bank for Savings, 126 N.J.L. 294 (Sup. Ct. 1941); Orange Land Co. v. Bender, 96 N.J. Super. 158 (App. Div. 1967).
In contrast, a municipality in possession of premises by virtue of a tax sale certificate prior to a final decree of foreclosure is "not liable for injury to said property * * * from the use of the property." N.J.S.A. 54:5-53.1; Clark v. Jersey City, supra. This statutory immunity derogates from an affirmative duty upon such a municipality to maintain and repair the property. N.J.S.A. 54:5-53.1, however, provides that the municipality's agent "shall be allowed such expenses in connection with the operation and management thereof * * * as the governing body of such municipality may deem necessary to secure the greatest income therefrom." This right to operate and manage property to maximize its income implies reasonably a right to undertake appropriate maintenance and repair. Such a right would be inconsistent with a continuing responsibility on the part of the preempted property owner to provide for the physical upkeep of property. Therefore, the penal sanctions of a municipal ordinance which purports to impose these duties with respect to such property cannot be applied to a dispossessed owner under these circumstances.
Affirmed.