FREDRICH TAUBER, PLAINTIFF, v. CITY OF NEWARK, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County

Argued March 9, 1988—Decided May 16, 1988.

*Dennis G. Katz,* Attorney for plaintiff.

*Glenn A. Grant,* Corporation Counsel, by *Michele Hollar–Gregory,* Assistant Corporation Counsel, Attorney for Defendant.

YANOFF, J.S.C. (temporarily assigned) (Retired, on Recall).

Involved here is delineation of the obligations of a municipality when it becomes the purchaser of real property at a tax sale and thereafter takes possession of the property pursuant to *N.J.S.A.* 54:5–53.1. The uncontradicted facts follow.

On October 1, 1985, the City of Newark took possession of 447–449—5th Street, Newark, New Jersey, by reason of such a sale. The City's practice is not to collect rents for 90 days after it takes possession. This it supports by citing *N.J.S.A.* 54:5–87,

giving an owner three months to reopen a judgment barring the equity of redemption in a tax foreclosure proceeding. In this case it followed that practice.

The City's Rent Collection Department manages collection of rents from tax foreclosed property. The practice of that Department is to make a physical check of the number of tenants on the property, and thereafter to give notice to the tenants requiring them to come into the City Hall and make arrangements with the Department for payment of rents. There were seven tenants. However, the notice given to the tenants, dated December 10, 1985, was served on only four, by hand-delivery as to one, and posting as to the other three. The City's ledger sheets show that rents were collected from only four tenants, and that no rents were collected until March 1986. The City incurred fuel charges for the premises, beginning December 1985, and for repairs made between February 24, 1986 and April 30, 1986. The total expense to the City for fuel and repairs was $4,038.26.

Prior to redemption of the property, it collected rents in the amount of $2,853.86 from four of the seven tenants. However, on its books it gave credit to tenants for rent receipts totalling $6,269, which the tenants had exhibited to the rent collector. The difference between rents collected and disbursements is $1,984.98. Rent credited, but not collected, exceeds that amount.

Plaintiff redeemed by purchasing the right of redemption from the defaulting owner and paid the City $17,174.67 for taxes and interest, plus $10,333.51 for water and sewer charges pursuant to the City's lien thereon. Additionally, the City refused to give plaintiff the necessary deed until plaintiff paid additional sums for rents due to the City while it was in possession of the property and the cost of repairs and fuel oil paid for by the City. The latter two sums were paid under protest.

Hence this litigation.

On motion for summary judgment, a partial summary judgment was entered in favor of the plaintiff in the sum of $8,604, representing an amount claimed by the City for rents neither credited nor collected.

The rent receipts referred to were signed by "283 Broadway Company." Nothing is known about that company, except that it is not an owner of record. No attempt was made by the City to investigate, although, as indicated, the tenants received credit for the rent receipts.

The City takes the position that it is not obligated to pay the sum of $1,984.90, because of the language in *N.J.S.A.* 54:5–53.1, which reads:

> "Such municipality and its officers, agents or employees shall not be liable or accountable to the owner or to any other person having an interest in said property for failure to collect rents or profits therefrom but said officers, agents or employees shall remain so liable and accountable to said municipality and such municipality and its officers, agents or employees shall not be liable for injury to said property or to the person or property of any other person from the use of the property for the purposes of this section, any law to the contrary notwithstanding."

The original statute was enacted by *L.*1942, *c.* 54.[1] The quoted paragraph was added by *L.*1943, *c.* 144.[2]

Unfortunately, there is no legislative statement as to the section in issue. No New Jersey case has construed that portion of the statute upon which the City relies, and no pertinent authority has been found elsewhere.

By way of background it is clear, and conceded by plaintiff's attorney, that *N.J.S.A.* 54:5–53.1 confers upon the City the

---

[1]The legislative statement annexed to *L.*1942, *c.* 54 is:

"The purpose of this act is to authorize municipalities in certain cases to collect rents and profits, and to have the same credited on account of delinquent taxes as represented by the certificate of sale."

[2]The legislative statement annexed to *L.*1943, *c.* 144 is:

"The purpose of this act is to give municipalities the right to receive and apply rents towards delinquent taxes in those cases where a tax lien certificate was issued prior to the enactment of chapter 54, P.L.1942."

right to collect rents and maintain property of which it has taken possession. Implied in the right to operate and manage the property is the right to undertake appropriate maintenance and repair. *City of Newark v. Sue Corp.*, 121 *N.J.Super.* 205 (Cty.D.Ct.1972) aff'd 124 *N.J.Super.* 5, 8 (App.Div.1973)[3]. Moreover, *N.J.S.A.* 54:5–53.1 provides that any moneys (*i.e.* rents) collected from such property which is not needed for its operation and management shall be used to remove or remedy any violations of the standards of fitness of human habitation set forth in state or local housing or regulations, or any other conditions dangerous to life, health or safety.

It is clear that the rights and duties of a holder of a certificate of tax sale in possession of the premises are similar to a mortgagee in possession, and the duties of a mortgagee in possession are those of a prudent owner.

*Merchants' etc., Realty Co. v. Stern*, 101 *N.J.Eq.* 629 (Ch. 1927), aff'd 102 *N.J.Eq.* 290 (E & A 1927) is illustrative. There it was held that a purchaser at a tax sale was entitled, under the statute then in force (P.L.1918, p. 892, Sec. 34) to the rents collected by a receiver from the premises, but after application of the rents to unpaid taxes. Since the taxes exceeded the

---

[3]Subsequent to the decision in *City of Newark v. Sue Corp., supra,* the statute was amended by *L.*1977, *c.* 444, by adding to the first paragraph a sentence which reads:

"Nothing in this section shall, however, be construed as discharging the owner of any property of which a municipality takes possession pursuant to said section, of the responsibility and liability for any violation of standards of fitness for human habitation or any other condition dangerous to life, health or safety which may be found to exist on such property within 60 days after the taking of possession of the property by the municipality."

The legislative intent is set forth in the applicable committee statement:

"The purpose of the committee amendments is to rectify the inequity and imbalance created by the *City of Newark v. Sue Corporation,* 124 *N.J.Supp.* [sic.] 5 (1973), by holding an owner liable for any code violations which existed at the time of, or manifested themselves soon after a municipality took possession of such property."

rents, the purchaser recovered nothing. This result was reached by holding that a purchaser at a tax sale has the rights and obligations of a mortgagee in possession. Vice Chancellor Berry stated:

> The rights of a mortgagee in possession are to collect the rents and profits; his responsibilities include a liability to account for those rents and profits on redemption. *Stewart v. Fairchild* (Court of Errors and Appeals), 91 *N.J.Eq.* 86. It has been well said that the duties of a mortgagee in possession are those of a provident owner. [101 *N.J.Eq.* at 633]

See in accord: *City of Newark v. Sue Corp., supra,* 124 *N.J.Super.* at pp. 7–8 (App.Div.1973); *N.Y. & Suburban Fed. Sav. & Loan v. Sanderman,* 162 *N.J.Super.* 216, 220 (Ch.Div. 1978); *Taylor v. Morris,* 1 *N.J.Super.* 410, 415 (Ch.Div.1948).

■ Thus, absent the quoted language in *N.J.S.A.* 54:5–53.1 there is no doubt that the City would be obligated, as against a redeeming owner, or such owner's successor-in-interest, to deal with property taken pursuant to tax foreclosure, as a reasonably prudent owner. The major purpose of *L.*1942, *c.* 54 and *L.*1943, *c.* 144 was to enable a municipality to collect rents in tax foreclosures. (See footnotes 1 and 2, *supra.*) There is no doubt that the obligation of a prudent owner would be to make bona fide efforts not merely to maintain the property, but to collect income therefrom. This, Newark did not do.

Passing whether City had authority under *N.J.S.A.* 54:5–87 to wait three months before attempting to collect rent because the owner had three months within which to redeem (and I think it did not), the basic law premised in the statute, and repeated in the cited cases, is that the City had an obligation to collect from all tenants in possession, not merely from four tenants. Certainly, also, a prudent owner would not have given credit for rent receipts signed, possibly forged, by an unknown entity, without investigation. Certainly, a prudent owner would have made more vigorous attempts to collect rents from tenants in default. The City made no attempt to do so.

■ The question then is whether the cited statute immunizes the City from liability. This need not be decided in all

possible contexts. Involved here is only whether the City may charge a successor to a redeeming owner for rents which it did not collect simply because the tenants exhibited rent receipts signed by someone unknown. I find it hard to conclude that the Legislature intended so extreme a result. The context in which this issue arises is not in a suit by an owner of property against the municipality or its officers for rents, but on an application to redeem where the uncollected rents are used as a defense. Significantly, the statute does not exonerate officers and agents of a municipality from their failure to properly perform their duties. Thus, it may well be, although of course the issue is not before me, that agents of a municipality who fail to collect rent may be considered derelict in their duties. Certainly, a conclusion that employees may act improperly, viz-a-viz a municipality, and be deemed accountable, but that a municipality may charge a redeeming taxpayer with the cost of maintaining the property without giving a credit to the taxpayer for what it may recover from delinquent employees, is unreasonable. "Statutes will not be interpreted in a manner leading to absurd or unreasonable results." *534 Hawthorne Ave. Corp. v. Barnes*, 204 *N.J.Super.* 144, 148 (App.Div.1985). If the statute were interpreted as the City contends, the City could refuse to give the plaintiff credit for rents uncollected, which should have been collected, and thereafter bring action against its employees for having failed to collect the rents. It would take the clearest language to lead to the conclusion that such was the legislative intent.

I, therefore, rule in favor of the plaintiff. Counsel for plaintiff is requested to submit an appropriate order pursuant to the Rules.